KOPPERS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6232. Promulgated April 25, 1947.

*Donald P. Moyers, Esq.*, and *John E. McClure, Esq.*, for the petitioner.

*Hobby H. McCall, Esq.*, for the respondent.

OPINION.

Harron, *Judge*: Respondent determined that petitioner was not entitled to a deduction in 1940 for interest in the amount of $290,659.24 paid in that year on the 1930 income tax deficiency of the consolidated group. In 1930 petitioner and other affiliates filed a consolidated income tax return, and, in accordance with section 141 of the Revenue Act of 1928, executed consents to be bound by the regulations relating to consolidated returns. From 1934 on, after the privilege of filing consolidated returns was denied to corporations other than railroads, and during the taxable year, petitioner filed separate returns. In 1940, after extended negotiations between respondent and the representatives of the 1930 consolidated group, it was agreed that there was a deficiency in tax under the 1930 consolidated return in the amount of $545,898.47, plus interest. Petitioner and the affiliates then agreed among themselves to allocate payment to the Government of the deficiency in certain proportions—petitioner to pay the bulk of the deficiency and interest. In accordance with the intercompany arrangement petitioner turned over its check for $791,795.86, representing $501,136.62 tax and $290,659.24 interest, to the successor parent company, which thereafter paid the full deficiency ($545,898.47) and interest ($316,621.11) to the collector. In its income tax return for 1940 petitioner claimed the $290,659.24 as an interest deduction.

The case was submitted on the pleadings. The facts, therefore, are brief and limited. The issue arises under section 23 (b) of the Internal Revenue Code and relates to the taxable year 1940. Section 23 (b) allows a deduction for interest paid or accrued on indebtedness. The indebtedness must be that of the taxpayer, not of someone else. *William H. Simon*, 36 B. T. A. 184.

The parties are agreed that under the regulations to which petitioner consented, respondent could have held petitioner personally and individually liable for the full amount of the deficiency and interest.[2]

___

[2] ART. 15. [Regulations 75].—*Liability for Tax.*

(a) *Several Liability of Members of Affiliated Group.*

Except as provided in paragraph (b), the parent corporation and each subsidiary, a member of the affiliated group during any part of a consolidated return period, shall be severally liable for the tax (including any deficiency in respect thereof) computed upon the consolidated net income of the group.

It was the petitioner's theory, therefore, in submitting the case as it did, that its undertaking to pay a major portion of the deficiency was only in discharge of its own indebtedness. In line with this view, petitioner contends that it is unimportant that as between itself and the other affiliates it might have paid more than its proportionate share of the deficiency and might have had a right of contribution over against the other affiliates for the amounts which it paid on their behalf. For this reason apparently we are not informed as to the manner in which the 1930 consolidated group allocated payment of the original tax, as to what share of the deficiency was properly assignable to the petitioner, or as to the existence or nonexistence of any agreement among the affiliates affecting the right of contribution. The record does not show any explanation of the reduction in the number of corporations in the consolidated group from 66 in 1930 to 6 in 1940.

Petitioner was on the accrual basis. There is no showing that the other affiliates were insolvent in 1940 or otherwise unable to pay their proportionate part of the deficiency. Respondent contends that it was incumbent upon petitioner to prove its proportionate share of the deficiency, suggesting that it probably is that amount allocable to petitioner upon the basis of its share of the adjusted consolidated net income. To the extent petitioner paid in excess of the share proper as between itself and the other affiliates, respondent argues that petitioner was entitled to contribution from the other affiliates. Since petitioner was on the accrual basis and the other affiliates were not shown to have been insolvent, respondent contends that the right of contribution properly accrued as income to petitioner in 1940 to offset an undisclosed part of the interest deduction.

Petitioner was one of the 66 original affiliates filing the 1930 consolidated return. In the taxable year 1940 only 6 companies of the 1930 group were still in active existence. Petitioner paid the major portion of the deficiency and interest. Although respondent has determined that none of the interest is deductible, it would seem that petitioner is entitled to an interest deduction in some amount, at least to the extent it paid interest on its part of the tax. Respondent concedes this on brief, but rightfully places upon petitioner the burden of proving the exact amount. Since there really is no dispute on this point, we need not discuss the question further, and hold that petitioner is entitled to deduct the interest paid on that portion of the deficiency properly assignable to it upon the basis of its share of the adjusted consolidated net income.

The real controversy in the case is over that portion of the interest which is allocable to the payment of more than petitioner's share of the deficiency based on the net income properly assignable to it. Since in the taxable year 1940 only 6 of the original 66 companies comprising

the 1930 consolidated group were in active existence, the burden of paying the full deficiency fell on these 6 companies. There is nothing in Regulations 75 which specifies how the affiliates, as between themselves, shall allocate payment of the tax. For years prior to 1929 it was provided that the total tax under a consolidated return was to be assessed against the respective affiliates in such proportion as might be agreed upon among them, and, in the absence of any such agreement, on the basis of the net income properly assignable to each. See, for example, section 142 of the Revenue Act of 1928. For the taxable year 1930, however, section 141 of the Revenue Act of 1928 and Regulations 75, promulgated thereunder, merely make each affiliate severally liable for the full tax. Although petitioner and the other affiliates were thus severally liable to the Government for the full deficiency and interest, as between themselves, each affiliate was mutually obli gated under principles of general law to pay only its fair share of the common burden. See *Phillips-Jones Corporation* v. *Parmley*, 302 U. S. 233. On the record before us, we can only guess at the facts, but it seems obvious that, under any method of apportionment of the deficiency which has been determined under the return for 1930 filed for the group of 66 companies, some of the existing 6 affiliates would have had to pay in 1940 more than the deficiency properly assignable to them on the basis of their own net income for 1930, because they also would have had to pay the tax which was allocable to those companies which were no longer in existence in 1940. Although respondent does not present his argument in just this fashion, we do not understand him to attack the payment by petitioner of a proportionate share of the deficiencies of the companies not in existence. We understand his position to be that petitioner in 1940 paid more of the tax of the companies which were not then in existence, and perhaps even some of the tax of the 5 other affiliates, than was proper as between petitioner and the other 5 affiliates. It is this payment which respondent claims gave rise to a right of contribution from the other 5 affiliates as an item of accrued income to petitioner to offset the interest expenditures, leaving the accounts in the same position as though the payment had not been made.

We think that respondent is correct in claiming that if petitioner paid more than its proportionate share of the deficiency and interest of the companies not in existence in 1940 a right of contribution did accrue to it from the other affiliates. The right of contribution is not founded upon contract and arises as a matter of general law whenever one pays on a common obligation in excess of the share proper as between himself and others similarly liable. Restatement Restitution, secs. 81 and 82; 2 Williston on Contracts, Rev. Ed., sec. 345.

To us, however, the existence of a right of contribution has a significance different from the one claimed for it by respondent. A taxpayer can deduct interest *qua* interest only in so far as the interest is paid on the taxpayer's own obligation. *William H. Simon, supra; Colston v. Burnet*, 59 Fed. (2d) 867. Mere legal liability or obligation to the creditor is not enough, for, as was said in *Eskimo Pie Corporation*, 4 T. C. 699; affd., 153 Fed. (2d) 301:

> * * * The statutory deduction for interest is confined to amounts chargeable against the taxpayer on his own indebtedness, and he may not deduct interest on the indebtedness of another, even though he has by legal contract agreed to pay such interest. *William H. Simon*, 36 B. T. A. 184; *Orange Securities Corporation*, 45 B. T. A. 24; *William Ainslie Colston*, 59 Fed. (2d) 867; certiorari denied, 287 U. S. 640; *Caldwell & Co.*, 26 B. T. A. 790; affd., 65 Fed. (2d) 1012; *Automatic Sprinkler Co. of America*, 27 B. T. A. 160.

A payment by a taxpayer of his own obligation normally would not give rise to any right of contribution over against others. Hence, any existence in petitioner of rights of contribution over against the other affiliates would be of importance, not to show that petitioner acquired an item of accrued income, but to demonstrate that petitioner made a part of the interest payments on behalf of the other affiliates and not as an incident to the discharge of its own obligation. It is held, therefore, that to the extent the interest payments were allocable to more than petitioner's proportionate share of the deficiency of the companies not in existence or were allocable to any part of the deficiency properly assignable to the other affiliates, such interest payments were not made in discharge of petitioner's own indebtedness and are not deductible.

Petitioner claims that the mere fact that it may have had rights of contribution over upon the payment of the major portion of the deficiency and interest in 1940 does not show that it did not pay interest on its own indebtedness. Petitioner relies on decisions of this Court for the proposition that, where one of a number of debtors who are severally liable for a debt pays more than his share of the total interest due in a given year he may, nevertheless, deduct the full amount thereof, regardless of any rights of reimbursement or contribution, citing *Rose B. Larson*, 44 B. T. A. 1094; affirmed on another issue, 131 Fed. (2d) 85; *George A. Neracher*, 32 B. T. A. 236; *F. C. Nicodemus, Jr.*, 26 B. T. A. 125; *Al Jolson*, 3 T. C. 1184. Respondent points out that in all of these cases the taxpayer was on the cash basis and contends that a difference exists between a cash basis taxpayer and an accrual basis taxpayer for the reason that in the case of a cash basis taxpayer the right of contribution from other joint and several obligors does not effect an offset to the interest expenditure until reimbursement is actually made. Regardless of the merit of this

distinction, we think the authority of the cases cited by petitioner is inapplicable to the facts involved in the present case. The case of *F. C. Nicodemus, Jr., supra,* from which the other cases stem, was one in which a husband paid interest on mortgage notes for which he and his wife were jointly and severally liable and which were secured by real estate held by the husband and wife as tenants by the entirety. We think it unwarranted to extend the holding of this type of case to facts involving the relationship of affiliated corporations filing a consolidated return, and that such an extension would encroach upon the authority of *Colston* v. *Burnet, supra; Automatic Sprinkler Co. of America,* 27 B. T. A. 160; and *Eskimo Pie Corporation, supra,* which refused to allow the deduction of interest on facts more analogous to those involved here.

The case was submitted by petitioner on the theory that the payment of more than its proportionate share of the deficiency and interest and the retention by it of any rights of contribution were immaterial to the allowance of the full amount of the claimed interest deduction, and, therefore, it did not attempt to show certain facts. The parties, therefore, may be able to agree as to what share of the deficiency and interest could, as between petitioner and the other affiliates, be classified as owed primarily by petitioner to the Government. The manner in which the 1930 consolidated group allocated payment of the original tax, the portion of the deficiency which was properly assignable to petitioner on the basis of its share of the adjusted consolidated net income, and the existence or nonexistence of any agreement among the affiliates affecting the right of contribution are all matters known to petitioner. In the absence of an agreement between petitioner and respondent, leave is given to petitioner to move within 30 days from the date of promulgation of this report for further hearing to establish the amount of the deficiency properly assignable to it on the basis of its share of the adjusted consolidated net income and its proportionate share, proper as between itself and the other 5 affiliates, of the deficiency allocable to the companies which were not in existence in 1940. In the event petitioner does not so move within the time specified, the respondent's action in disallowing deduction of the entire amount of $290,659.24 must be sustained for the failure of petitioner to prove that this amount or any portion thereof was paid as interest on its own indebtedness.

The concessions made by respondent in his answer to the amended petition require recomputation of the deficiency under Rule 50.

*Decision will be entered under Rule 50.*