KOPPERS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6232. Promulgated November 30, 1948.

*Donald P. Moyers, Esq.*, and *John E. McClure, Esq.*, for the petitioner.

*Hobby H. McCall, Esq.*, for the respondent.

898

900

SUPPLEMENTAL OPINION.

HARRON, *Judge*: The only question to be decided is whether petitioner is entitled to deduct, under section 23 (b), interest in the amount of $290,659.24, the statutory interest on the part of the tax deficiency which it paid in 1940.

Both parties recognize that petitioner is severally liable for the tax imposed upon the group, including any deficiency in respect thereof. See Regulations 75, art. 15. Petitioner filed Form 1122, consenting to be bound by the regulations governing consolidated returns. See also *Mississippi River & Bonne Terre Railway*, 39 B. T. A. 995, 1004. But because, as between the members of the affiliated group, each affiliate was mutually obligated under principles of general law to pay only its fair share of the common burden, *Phillips-Jones Corporation* v. *Parmley*, 302 U. S. 233, respondent challenges the claim of the petitioner to deduct the full amount of the interest which it paid in 1940, upon the theory that petitioner had a claim against other corporations in the group for contributions to reimburse it for all of the deficiency which it paid, and that such claim constituted an account receivable which petitioner has not shown to have been uncollectible in 1940. Respondent originally contended that his determination should be sustained because of failure of proof of the petitioner, assuming that respondent's theory was, in general, correct. Also, respondent has laid considerable emphasis upon the fact that petitioner reports its income on the accrual basis. The

reason for this emphasis is, apparently, that respondent takes the view that the rule of *F. C. Nicodemus, Jr.*, 26 B. T. A. 125, and the other cases which have followed the rule set forth therein, is not applicable in the case of taxpayers who are on the accrual basis. It is unnecessary to set forth respondent's theory in this proceeding other than has already been stated. The question is before us for a second time and it is of some importance that we state the reason why the question raised by the pleadings is now being reconsidered.

This proceeding was submitted originally upon the pleadings, under which the agreed facts were extremely brief. In order properly to consider the argument of the respondent, which laid such stress upon the point that petitioner was on the accrual basis, we considered it necessary to have before use, if possible, the facts which would explain the basis for the agreement made by the six remaining corporations in 1940, that petitioner would pay $501,136.62 of the deficiency and the statutory interest upon that amount. There was further hearing, and full explanation is found therein of the basis upon which the allocation was made, which was, in the last analysis, determined by the reorganizations of corporations within the group which took place after 1930. Respondent no longer contends that there is any failure of proof in this proceeding, and it appears that he has abandoned his original argument.

The facts now before us show that the remaining six companies have recognized the principle that each one is mutually obligated under principles of general 'aw to pay all of its fair share of the income tax deficiency which was computed upon the net income of the group. After the deficiency was determined in 1940 the six corporations computed their proportionate shares of the tax deficiency, and petitioner has not set up on its books any account or accounts receivable to represent the accrual of a claim against any affiliated corporation under a right of contribution. Assuming, for purposes of argument, that respondent contended correctly in the first instance that, since petitioner is on the accrual basis, any right of contribution which petitioner had against others resulted in the accrual of an account receivable in 1940 which was not shown to be uncollectible in 1940, that contention is no longer one which must be considered. The evidence shows and we have found as fact that $501,136.62 represented petitioner's proportionate share of the tax deficiency.

Under section 23 (b), a taxpayer may deduct interest only upon its own indebtedness. *William A. Simon*, 36 B. T. A. 186. Under the agreement which was made in November 1940 among the six corporations which now constitute the group, the proportionate share of each member of the group to the entire indebtedness for income tax was

determined upon a reasonable, equitable, and fair basis. Petitioner no longer has a claim against the other members for any contribution. Restatement Restitution, sec. 85; Williston on Contracts, Rev. Ed., sec. 345. Its claim for contribution from other members of the group would be based upon overpayment of its proportionate share. The interest which has been paid in the amount of $290,659.24 can not be said to be interest upon the indebtedness of any other member of the group than petitioner. Petitioner is, therefore, entitled to deduct the amount in question.

Under the above holding, it is unnecessary to consider the alternative contention of the petitioner.

Respondent, in his supplemental brief, advances a new contention that, if petitioner is entitled to any interest deduction in the instant proceeding, it would result from its obligation as a *transferee* to pay the deficiencies of a number of affiliates liquidated into it in nontaxable transactions, and the amount of the deduction would be limited, under *Koppers Co.*, 3 T. C. 62; affd., 151 Fed. (2d) 267, to the interest which accrued on the deficiencies after the date of receipt of the transferred assets. Respondent apparently would concede that under *Koppers Co.*, *supra*, petitioner might be entitled to a small loss deduction in an amount equal to the deficiency and interest of one affiliate (Koppers Kokomo Co.), the stock of which petitioner sold in 1934 under an agreement to pay any taxes on income for years prior to 1934.

We do not believe that the principles established in *Koppers Co.*, *supra*, which serve as the foundation of respondent's present contention, apply in the instant proceeding. In the *Koppers* case, the problem related solely to the nature of the taxpayer's obligation as transferee of certain corporations and as vendor of stock of a corporation under a contractual obligation to pay the deficiency of that corporation. It was held that the taxpayer, as transferee, was entitled to deduct the interest paid on the deficiencies of the transferor corporations for the period after receipt of the transferred assets, it appearing that the value of such assets exceeded the amount of deficiencies and interest. And with respect to the sale of stock issue, it was held that the amount of deficiency and interest paid by the taxpayer served to reduce the price received for the stock and was deductible as a loss. However, the taxpayer in that case had *not* filed a consolidated return with the corporations in question for the years for which the deficiencies and interest were subsequently paid, and thus the impact of the several liability of a member of a consolidated group was not before the courts, nor was it commented upon.

It may be noted that if petitioner were *resisting* the collection of the deficiency and interest of the consolidated group on the ground

that its liability was limited to that of a transferee, respondent in all likelihood would earnestly invoke petitioner's several liability for the entire deficiency and interest under the consolidated return.

*Decision will be entered under Rule 50.*