HALL C. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15836. Promulgated August 16, 1948.

*Sol Goodman, Esq.*, for the petitioner.
*John O. Durkan, Esq.*, for the respondent.

### OPINION.

LeMire, *Judge*: The respondent has determined a deficiency in petitioner's income tax for 1943 in the amount of $422.20. The petitioner claims an overpayment of $46,864 in his tax for that year. The deficiency results from the disallowance of the deduction of real estate taxes which had accrued prior to the date of petitioner's purchase of property. The claim for refund, which has been disallowed in full by the respondent, involves the petitioner's liability for tax on a portion of the compensation paid to him in the taxable year by a corporation of which he was president and sole stockholder. The respondent determined, and was sustained by this Court, that a portion of such compensation was excessive and that to the extent of such excess the petitioner was liable as transferee for the unpaid taxes due from the corporation.

The parties have submitted a stipulation of facts which we adopt as our findings of fact herein. These facts may be summarized as follows:

The petitioner is a resident of Batavia, Ohio. He filed his return for the taxable year involved with the collector of internal revenue for the southern district of Ohio. During 1942 and 1943 the petitioner was the president and sole stockholder of the Charles E. Smith & Sons Co. The company paid him a salary of $52,000 for its fiscal year ended July 1, 1942, and $87,265.08 for the year ended July 31, 1943. The 1942 salary was all paid to the petitioner over the period August 1, 1941, to September 15, 1942, and that for 1943 over the period August 1, 1942, to September 1, 1943.

The salary so paid to the petitioner was deducted by the company in its income and declared value excess profits tax returns for the respective years, but the respondent determined that it exceeded a reasonable compensation for the services rendered by the petitioner to the extent of $27,000 in 1942 and $57,265.08 in 1943. The respondent further determined that to the extent of such excessive salary the petitioner was liable as transferee for the unpaid taxes of the company.

The company and the petitioner each filed a petition with this Court. In the action brought by the company, Docket No. 9461, we sustained the Commissioner's disallowance of a portion of the petitioner's salary for both 1942 and 1943, and in the transferee proceeding, Hall C. Smith, Transferee, Docket No. 9462, we found the petitioner not

liable in respect of the compensation paid to him for 1942, since there was no proof that the company was insolvent when the salary for that year was paid, but liable in respect of the excessive 1943 salary to the full extent thereof for the payment of company taxes for 1942 and 1943. Decisions in both proceedings were entered May 28, 1948.

The petitioner reported all of the salary paid to him by the company in 1942 and 1943 and paid the tax shown to be due thereon. On January 15, 1947, the petitioner filed with the collector of internal revenue at Cincinnati, Ohio, a claim for refund of $46,864 of the $59,488.25 tax which he had paid on his 1943 return. The claim was based on the petitioner's contention that he may not be taxed on the excessive salary which might be subject to transferee liability as finally determined. The claim for refund was disallowed by the respondent in the notice of deficiency herein.

It is stipulated that:

The petitioner received the salaries referred to in paragraph 3, *supra*, under a claim of right and has ever since retained said amount of salaries, and had no knowledge of the proposed disallowance of said salaries as a deduction to said company until September of 1944.

In March 1943 the petitioner purchased two parcels of real property located in Cincinnati, Ohio, and as a part of the purchase price thereof agreed to pay and did pay to the State of Ohio the amount of $499.66 in satisfaction of liens for taxes for the calendar year 1942. Under the provisions of section 5671 of the Ohio Code, the liens had attached to the property on the day preceding the second Monday in April 1942. The amount of taxes so paid was claimed as a deduction by the petitioner in his 1943 return and was disallowed by the respondent in determining the deficiency.

The transferee liability with which section 311 (a) of the Internal Revenue Code deals is liability either "at law or in equity." Liability at law is commonly based upon the contractual obligation, as where one corporation acquires the assets of another and agrees to pay the taxes of the transferor. Liability in equity is said to rest upon the trust fund doctrine; that is, the transferee receives assets from the transferor impressed with a trust for the benefit of the transferor's creditors. See *Pierce* v. *United States*, 255 U. S. 398; *Phillips* v. *Commissioner*, 283 U. S. 589; *Phillips-Jones Corporation* v. *Parmley*, 302 U. S. 233. In the last cited case the Court said:

The liability of the stockholders for the taxes was not created by section 280. It does not originate in an assessment made thereunder. Long before the enactment it had been settled under the trust fund doctrine (see *Pierce* v. *United States*, 255 U. S. 398, 402, 403 * * *) that if the assets of a corporation are distributed among the stockholders before all its debts are paid, each stockholder is liable severally to creditors, to the extent of the amount received by him; and that as between all stockholders similarly situated the burden of paying the debts shall be borne ratably. * * *

The petitioner's transferee liability for the 1942 and 1943 taxes of the Charles E. Smith & Sons Co., as determined by this Court in the proceeding referred to above, Docket No. 9462, was found to have resulted from the distributions made to him by the company in the year 1943, when the company was insolvent, in excess of reasonable compensation for services rendered. Thus, the transferee liability was a liability in equity resulting from the distributions to him of assets of the insolvent transferor without adequate consideration. The correctness of the Tax Court's determination in the transferee proceeding is not attacked in this proceeding. The petitioner's only contention here is that, since it has been determined by this Court that he is liable in equity as a transferee for the unpaid taxes of the transferor, to the extent of the full amount of excessive compensation distributed to him in the taxable year, such excessive salary may not be included in his taxable income.

We think that the petitioner must be sustained in this contention. The determination of this Court that the petitioner is liable in equity, as transferee, can mean only that he received the transferor's assets (the excessive compensation) impressed with a trust in favor of the Government's claim against the transferor for unpaid taxes. The petitioner held the funds not for himself, but for the creditors of the transferor.

Since *Eisner* v. *Macomber*, 252 U. S. 189, the "use and benefit" theory has been accepted as a guiding principle in determining income tax liability. It has become almost axiomatic in our tax law that individual tax liability results only from the receipt of income, in money or the equivalent, for the taxpayer's beneficial use.

In *Commissioner* v. *Wilcox*, 327 U. S. 404, the Supreme Court said that "a taxable gain is conditioned upon (1) the presence of a claim of right to the alleged gain and (2) the absence of a definite, unconditional obligation to repay or return that which would otherwise constitute a gain." The Court further said that "the bare receipt of property or money wholly belonging to another lacks the essential characteristics of a gain or profit within the meaning of Section 22 (a)."

It was said in *Corliss* v. *Bowers*, 281 U. S. 376, that "The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income."

Funds received in trust for the use and benefit of others are not income to the recipient. In *Parkview Memorial Association*, 34 B. T. A. 406, we said, speaking of amounts set aside for maintenance of a cemetery association, "If, however, there is a trust which the law recognizes, whether express or implied, and a prescribed part of the contract price received for a lot can be said to be received in trust, such part is excluded from gross income." See also *Portland Cremation*

*Association* v. *Commissioner*, 31 Fed. (2d) 843. The funds received by lessor as bonus money for an oil lease, which the lessor was legally obligated to pay over to the State of Texas, were held not taxable to the lessor in *Commissioner* v. *Turney*, 82 Fed. (2d) 661. The Court there said: "Tax officials are not required to treat as income money received by a taxpayer when, under well-settled law, his receipt of it has the effect of obligating him unconditionally to pay that money to another."

*Park & Tilford*, 43 B. T. A. 348, involved a situation somewhat analogous to that in the instant case. There the assets of two liquidating corporations, designated A and B, were distributed to two corporate shareholders, Y and Z, which in turn liquidated and distributed their assets to the stockholders. We held that the unpaid taxes of corporations A and B, for which Y and Z were liable, should be taken into account in determining the transferee liability of the stockholders of Y and Z.

The instant case is distinguishable from cases like *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417, dealing with the receipt of income "under a claim of right and without restriction as to its disposition." Here, there was a definite legal restriction of the petitioner's use of the excessive compensation which attached the moment that he received it. Such is the nature of a transferee liability.

There is obvious inconsistency, as well as injustice, in the respondent's position in seeking to tax the petitioner on income to which he, the respondent, has successfully laid claim on the ground that it was never the petitioner's income by right.

The petitioner's contention with respect to the deduction of real estate taxes paid in 1943 as a part of the purchase price of the property is rejected on authority of *Pyramid Metals Co.*, 44 B. T. A. 1087, and cases therein cited.

*Decision will be entered under Rule 50.*