STANLEY SWITLIK, PETITIONER, ET AL.,* *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17160–17164. Promulgated July 20, 1949.

*Walter J. Scott, Esq.*, and *J. Stanley Teunon, C. P. A.*, for the petitioners.

*Francis X. Gallagher, Esq.*, for the respondent.

---

*Proceedings of the following petitioners are consolidated herewith: P. Wanda Switlik; Lottie Switlik; Walter Switlik; and Richard Switlik.

OPINION

HARLAN, *Judge*: Petitioners contend that each of them is entitled to claim as an ordinary loss, deductible in full, the amount he or she paid in satisfaction of transferee liability. The respondent contends that the payment made by each petitioner grew out of, was related to, and took its character from a capital transaction, i. e., a long term capital gain, that it was in effect a reversal of this transaction, and, therefore, should be subjected to the same limitation as the original transaction. He concedes that each petitioner who contributed to the

satisfaction of the transferee liability is entitled to a deduction for a loss, but urges that the loss was a long term capital loss and not an ordinary loss.

Prior to the decision of the Supreme Court of the United States in *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417, this Court, then the United States Board of Tax Appeals, held in cases involving facts similar to those in the instant proceeding that the corporate taxes paid by transferees in a year subsequent to the receipt of distributions in liquidation should be treated as reducing the amount of those distributions rather than as a loss in the year the corporate taxes were paid. *O. B. Barker*, 3 B. T. A. 1180; *Benjamin Paschal O'Neal*, 18 B. T. A. 1036. In the *North American* case the Supreme Court said that "if a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent," and that if in a later year the taxpayer is obliged to refund profits received in a prior year he is entitled to a deduction from the profits of the later year, not from those of any earlier year. In *John T. Furlong*, 45 B. T. A. 362, the Board pointed out that *North American Oil Consolidated* v. *Burnet*, *supra*, overruled the *Barker* and *O'Neal* cases, and it held that a participant in a syndicate who reported his profits in 1928 and 1929 and was required to contribute in 1937 to pay taxes due from the syndicate was entitled to deduct the amount paid in 1937 as a loss under section 23 (e) (2) of the Revenue Act of 1936. The decision in the *Furlong* case was followed by this Court in *Koppers Co.*, 3 T. C. 62 (affirmed on other issues, 151 Fed. (2d) 267). In that case a corporation in 1933 received the assets of two corporations in taxable distributions and assumed liability to pay any tax deficiencies thereafter determined against the transferors. It also sold, in 1935, its stock in a third corporation, agreeing as a condition of the sale to pay any tax liability thereafter determined against such corporation for years prior to the year of sale. At the time of these transactions no tax liability on the part of any of the three corporations was known to exist. In later years, deficiencies were determined against the three corporations and transferee liabilities asserted against petitioner, which were determined in amount and paid in 1938. We held that the amount of the deficiencies, with interest thereon, so paid by the corporation was deductible by it as a loss in 1938.

Respondent seeks to distinguish the *Furlong* case from the instant proceedings on the ground that the profits made by the petitioner therein were not long term capital gains from sales of capital assets held for more than two years, and the *Koppers Co.* case on the ground

that the transferee in that proceeding was a corporation to which the capital gain provisions did not apply. For reasons hereinafter set forth, however, we think that under the rationale of these two cases petitioners are entitled to deduct as ordinary losses the amounts paid by them in satisfaction of their liability as transferees.

The petitioners, as stockholders of the Switlik Parachute & Equipment Co., received distributions in complete liquidation of that corporation in 1941 under a claim of right and without restriction as to disposition. Under such circumstances they correctly reported the capital gain resulting from such distributions as income in 1941. These distributions became the property of petitioners and their inclusion in gross income gave petitioners a basis for gain or loss. When, in 1944, Stanley Switlik, Lottie Switlik, Walter Switlik, and Richard Switlik satisfied their liability as transferees by payments that did not exceed the amount of the liquidating distribution received by each of them in 1941, they were entitled to loss deductions. The losses they sustained were not, however, capital losses, as they were not losses from the sale or exchange of capital assets (cf. *Avery R. Schiller*, 43 B. T. A. 594), and this is true even though the transferee liability which occasioned the losses arose out of distributions which resulted in capital gains in 1941. The sale or exchange of capital assets occurred in 1941 and not in 1944. The losses sustained by petitioners as a result of satisfaction of their liability as transferees in 1944 were, therefore, ordinary losses, and respondent erred in failing to allow the entire amount of the deficiencies plus interest to August 10, 1941, paid by each petitioner, as a deduction from gross income.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

DISNEY, *J.*, dissenting: I can not agree that the payment of taxes in 1944 caused an ordinary loss. Using the word "ordinary" in the sense commonly used, it seems obvious that payment of tax is not an ordinary loss. Inquiry must be made into the character of the loss, and such inquiry divulges the fact that it arises as a consequence of a distribution in complete liquidation in 1941. The petitioners as distributees had and reported a long term capital gain. As stockholders in the distributing corporation they had, at the time of distribution, potential liability as transferees. In effect, they took the distribution subject to adjustment because of such potential liability. That potential liability later became actual and in 1944, because of that liability, they paid the tax here involved, thereby incurring a loss. Was it an ordinary loss or a capital loss? Section 117 of the Internal Revenue Code shows that a capital loss means loss from the sale or exchange of capital assets. Under section 115 (c) of the code the

amounts distributed in complete liquidation in 1941 "shall be treated as in full payment in exchange for the stock" and "the gain recognized resulting from such distribution shall be considered as a gain from the sale or exchange of a capital asset  *  *  *  ." In my opinion, there is such causal connection between the distribution and the amounts distributed, to be treated as in full payment in exchange for the stock, and the loss occurring in 1944 because of the payment of the tax resulting from the liability as transferees, that the loss must be regarded as a capital loss. It grew out of and was at all times potentially a result from the distribution, which was an exchange of a capital asset, stock, for the amounts received upon distribution. In seeking the nature of the loss we may and should ascribe to it the same character as that from which it arose, to wit, the capital transaction in the corporate distribution, just as amounts received upon compromise of litigation partake of the same nature as the claim litigated so that, for example, amounts received upon settlement of a suit for recovery of corporate stock are considered as received upon sale of capital assets. *Margery K. Megargel*, 3 T. C. 238. See also *Raytheon Production Corporation v. Commissioner*, 144 Fed. (2d) 110; *Albert C. Becken, Jr.*, 5 T. C. 498. It seems to me that there is ample logical connection between the capital transaction in the distribution in liquidation and the loss to ally them in nature, when we consider the fact that the tax was paid only because of the transferee liability, subject to which the distribution was made. It is difficult for me to see how it can be denied that the loss from payment of the transferee liability, incurred solely because of a corporate distribution of too great an amount—considering the eventual transferee liability—is capital in its nature; for, in effect, the petitioner is merely paying after much delay the tax which should have been paid by either the corporation or the stockholders currently as a result of the distribution. At that time it would have been no loss, but a mere payment of tax, though it would, of course, have reduced the net financial result for the stockholder-taxpayer. In the taxable year here involved it is claimed as a loss, but this claim can not conceal the fact that it represents merely diminution in the capital gain received on the distribution in the earlier year. The liability for and payment of taxes by the transferee being an integral part of the distribution, there is much less reason, if any at all, to consider the tax payment as an ordinary loss rather than as capital in nature. *Dobson* v. *Commissioner*, 321 U. S. 231, is not to the contrary, for that case involved mere sales of stock in a former year and later suits to recover because of alleged violation of Blue Sky Law in the sale. It seems clear that there was no such intimate relation between original transaction and later payment of tax as is here involved. I would not sustain the deduction as an ordinary loss.