### GARGARO v. UNITED STATES.
#### No. 47677.

United States Court of Claims.
Nov. 7, 1949.

See also, 109 Ct.Cl. 528, 73 F.Supp. 973.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

This case was before us on the Government's demurrer to the plaintiff's petition. We overruled the demurrer, deciding that the petition stated facts which, assuming them to be true, entitled the plaintiff to recover. Gargaro v. United States, 73 F. Supp. 973, 109 C. Cl. 528, 529.[1] The parties thereupon agreed upon a statement of facts, which we have adopted as our findings. These facts are the same, in all essential respects except one, which will be discussed herein, as those recited in the plaintiff's petition, hence the principal legal problem before us now is the same as the one which the Government's demurrer presented. The Government has urged us to reconsider the position which we took in that decision, and we have done so, but we have again come to the same conclusion.

The Government raises one question which was not dealt with in our former decision. It appears from our finding 8 that, in the renegotiation which reduced the profits of the plaintiff's employer by \$240,000, the employer's income taxes were, pursuant to Section 3806 of the Internal Revenue Code, 26 U.S.C.A. § 3806, reduced by \$227,526.03, so that, in fact, the employer refunded to the Government only \$12,473.97. The Government says that the plaintiff's repayment to his employer should have been only 10% of that amount, or \$1,247.39, and his refund of income tax paid should be computed on the basis of an overstatement of income of only \$1,247.39 instead of \$24,000.

The agreed statement of facts, upon which our findings are based, show that in fact the plaintiff refunded \$24,000 to his employer. That, of course, is the strongest possible evidence that the agreement of the

1. See comments in 61 Harvard Law Review 710; 96 University of Pennsylvania Law Review 574; 27 Nebraska Law Review 598; 17 Cincinnati Law Review 313; 13 Missouri Law Review 334.

parties as to the 10% bonus was unrelated to the question of the amount of the employer's taxes. Since there is no evidence to the contrary, we conclude that the conduct of the parties was in accordance with their legal obligations.

The plaintiff is entitled to a judgment for $19,187.79, with interest as provided by law.

It is so ordered.

JONES, Chief Judge, and HOWELL and LITTLETON, Judges, concur.

WHITAKER, Judge.

I dissent for the reasons stated when the case was before us on demurrer (73 F.Supp. 973, 109 C. Cl. 528, 533).