*Decision will be entered under Rule 50.*

ROBERTA PITTMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22827.    Promulgated March 21, 1950.

*Charles E. Pratt, Esq.*, for the petitioner.

*D. Louis Bergeron, Esq.*, and *Joseph P. Crowe, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN, *Judge*: The sole issue is whether or not the petitioner, as transferee of the dissolved corporation, is entitled to deduct the Federal income tax on the corporation paid by her in 1947 from the gain realized in 1945 on the liquidation of such corporation.

The petitioner contends that she should be allowed to decrease the value of the assets which she received upon dissolution of the corporation by the amount of taxes which, as transferee, she paid in a later year. Thus, as the petitioner sees the issue, it involves the adjustment or redetermination of the amount of the capital gain. This view, we believe to be incorrect. Since she, as an individual, is on a cash basis of accounting, there can be no question of the proper accrual of the tax paid in the prior year.

The collection of Federal taxes in the United States contemplates an annual accounting by taxpayers. In *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359, the Supreme Court said:

It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation.

This principle is now a familiar one and has often been stated and applied. See *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, and cases there cited.

There is no basis for making an exception to this sound principle in the instant case of a transferee of the assets of a corporation. If it were done here, other exceptions would suggest themselves. If the petitioner's contention, that the capital gain should be adjusted, were to be followed, the result would be to hold in abeyance the final determination of the capital gain on a corporate dissolution until the final corporate income tax had been paid. This would place an unwarranted burden on the tax collection process.

The petitioner would distinguish the case of *Estate of Henry E. Mills*, 4 T. C. 820, cited by respondent, on the ground that there the taxpayer received the liquidating dividend without restriction or limitation on its use, whereas petitioner here knew that she would be taxed personally as transferee if a deficiency were asserted against the income of the dissolved corporation. In our opinion, the cases are not distinguishable on that narrow ground or on the fortuitous circumstance that we happen to have before us the year 1945. In *Stanley Switlik*, 13 T. C. 121 (on appeal, CA–3, Dec. 29, 1949), the facts were somewhat similar to the instant case. The holding there was that the tax payments made by transferees in a year subsequent to dissolution were deductible in the later year as ordinary losses and not as capital losses. In so holding, we said:

> Prior to the decision of the Supreme Court of the United States in *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417, this Court, then the United States Board of Tax Appeals, held in cases involving facts similar to those in the instant proceeding that the corporate taxes paid by transferees in a year subsequent to the receipt of distributions in liquidation should be treated as reducing the amount of those distributions rather than as a loss in the year the corporate taxes were paid. *O. B. Barker*, 3 B. T. A. 1180; *Benjamin Paschal O'Neal*, 18 B. T. A. 1036. * * * In *John T. Furlong*, 45 B. T. A. 362, the Board pointed out that *North American Oil Consolidated* v. *Burnet, supra*, overruled the *Barker* and *O'Neal* cases, and it held that a participant in a syndicate who reported his profits in 1928 and 1929 and was required to contribute in 1937 to pay taxes due from the syndicate was entitled to deduct the amount paid in 1937 as a loss * * *.

In our opinion, the tax on the corporation paid by the petitioner in 1947 can not be used as a deduction in the computation of the petitioner's income tax for 1945.

*Decision will be entered for the respondent.*