*Decision will be entered under Rule 50.*

SETH M. MILLIKEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19402. Promulgated September 21, 1950.

---

[4] See Senate Report 1631 77th Cong. 2nd Session (1942).

*A. A. Patterson, Esq.*, for the petitioner.
*William E. Murray, Esq.*, for the respondent.

## OPINION.

MURDOCK, *Judge:* The petitioner contends that the $27,848.24 which he received in 1942 from Cotwool Manufacturing Corporation was a long term capital gain. One of his theories seems to be that the receipt of this money in 1942 was an additional "amount realized" on the sale of his Cotwool Manufacturing stock in 1940. That theory is untenable. The evidence shows that the option had no fair market value when received. The fact that it was received by the petitioner in connection with the sale of his Cotwool Manufacturing Corporation stock does not keep that sale open for income tax purposes so that the amount here in question would represent an additional "amount

realized" on that 1940 sale. The 1940 transaction was a closed one for tax purposes at the time it occurred. The option was property and it had a zero basis in the hands of the petitioner from that time forward.

The petitioner's other theory on this point is that the option was a capital asset having a zero basis and was sold in 1942, so that the gain was a long term capital gain. A long term capital gain is defined in section 117 (a) (4) as the gain "from the sale or exchange of a capital asset held for more than 6 months." The words "sale or exchange" as used in section 117 may not be expanded to cover transactions which are not sales or exchanges. Property passes from one person to another in a sale or an exchange. The option was property in the hands of the petitioner but it was nothing in the hands of the optionor and could not be transferred to it. The optionor could not give itself the right to buy its own assets at a fixed price. Thus, if the petitioner surrendered the option to the optionor for cash, the option ceased to exist. Also, if he merely allowed it to expire, it ceased to exist. The situation is similar in principle to that in which a debt is paid off or an obligation is fulfilled by the obligator, in which cases it has been held that no "sale or exchange" within the meaning of section 117 takes place. *Hale* v. *Helvering*, 85 Fed. (2d) 819; *United States* v. *Fairbanks*, 95 Fed. (2d) 794, affd., 306 U. S. 436; *Lee* v. *Commissioner*, 119 Fed. (2d) 946; *Bingham* v. *Commissioner*, 105 Fed. (2d) 971; *John H. Watson, Jr.*, 27 B. T. A. 463; *Frank J. Cobbs*, 39 B. T. A. 642, dismissed, 111 Fed. (2d) 644; *Felin* v. *Kyle*, 102 Fed. (2d) 349; *George A. Hellman*, 33 B. T. A. 901; *Matilda S. Puelicher*, 6 T. C. 300. Cf. *Helvering* v. *Flaccus Oak Leather Co.*, 313 U. S. 247.

Congress has inserted some special provisions into the Internal Revenue Code requiring that certain transactions, which are actually neither sales nor exchanges, be treated as sales or exchanges for the purpose of section 117. See section 115 (c) and section 117 (f). One of those special provisions is section 117 (g) (2) which provides that "gains or losses attributable to the failure to exercise privileges or options to buy or sell property shall be considered as short-term capital gains or losses." This provision came into the law as section 117 (e) (2) of the Revenue Act of 1934 at which time the following comment was made in the Conference Report (73d Cong., 2d Sess. H. Rept. 1385 p. 23) :

Finally, under the amendment it is the gains or losses attributable to "the failure to exercise" privileges or options to buy or sell property and not all gains or losses attributable to such privileges or options which are to be treated, as a matter of law and without regard to varying circumstances, as gains or losses from sales or exchanges of capital assets held for 1 year or less.

An option can be sold or exchanged, in which case the general pro-

visions of section 117 apply. But if gain results from a failure to exercise it, section 117 (g) (2) applies. Here the petitioner was paid for failing to exercise his option. A gain resulted. The transaction is thus literally within the words of section 117 (g) (2) and the gain must be treated as a short term capital gain. Cf. *Nordblom Associates, Inc.*, 15 T. C. 220.

The next contention of the petitioner is that he is entitled to a deduction of $33,411.29 for 1942, representing the entire amount which he paid as his pro rata share of a tax deficiency determined against his transferor, Ellingwood Co. The Commissioner contends it was a long term capital loss. This issue is controlled by the decision of this Court in *Stanley Switlik*, 13 T. C. 121, in which it was held that a similar payment gave rise to an ordinary deduction for loss and did not constitute a capital loss.

The next issue is one on which the Commissioner has the burden of proof. The petitioner reported his gain from the payment of an indebtedness due from Whitney Manufacturing Co. as a short term capital gain. The Commissioner made no change in determining the deficiency but, by an amended answer, now claims that the payment of the debt was ordinary income rather than a short term capital gain. Section 117 (f) provides that amounts received by the holder upon the retirement of bonds, debentures, notes or certificates or other evidences of indebtedness issued by any corporation, with interest coupons or in registered form shall be considered as amounts received in exchange therefor. Section 117 (a) defines short term capital gain as the gain from the sale or exchange of a capital asset held for not more than 6 months. The period during which the petitioner owned the indebtedness was less than 6 months. The respondent has failed to show that the $30,524.20 was not received by the petitioner upon the retirement of notes or certificates or other evidences of indebtedness issued by a corporation with interest coupons or in registered form and, hence, for that reason, if for no other, has failed to show that the petitioner did not correctly report his gain from the payment of this debt.

*Decision will be entered under Rule 50.*