FREDERICK R. BAUER AND RUTH R. BAUER, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY STEWART VIVIAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24393, 24394. Promulgated December 14, 1950.

*George R. Sherriff, Esq.*, for the petitioners.
*Rigmor O. Carlsen, Esq.*, for the respondent.

OPINION.

Van Fossan, *Judge:* The issue is whether the judgment paid by petitioners for the corporation, of which they were transferees, was a capital loss or an ordinary loss to them in the year of payment.

The respondent contends that the payment of the judgment "grew out of, was related to, and took its character from a capital transaction, namely a long-term capital gain * * *."

The respondent is aware that the case of *Stanley Switlik* [1] appears

[1] 13 T. C. 121, affd. (CA-3), 184 Fed. (2d) 299.

The stockholders of a corporation received distributions in complete liquidation in 1941 and each reported his pro rata share in his income tax return for that year as a long term capital gain. In 1944 the stockholders paid their liability as transferees for deficiencies in tax which the Commissioner, in 1942, determined the corporation owed for the years 1940 and 1941. It was held that the losses sustained by the stockholders as a result of payments made in 1944 were deductible in that year as ordinary losses and not as capital losses.

contrary to his position here but he contends that the case is distinguishable. The *Switlik* case and others preceding it were concerned with the payment by transferees of the transferor's *taxes*, whereas here, the transferees paid the amount of a *judgment* against their transferor. The respondent does not argue that the case is on that ground so distinguishable nor do we think so. Respondent attempts, however, to distinguish the *Switlik* case on the basis of circumstances surrounding the payment of the judgment. He points out that the petitioners were aware of the liquidation, that the payment of the resulting judgment might have been made before the last dividend in liquidation was paid and concludes that the judgment payments "cannot be disassociated in their ultimate character from the distributions in liquidation which such payments would have served to diminish." We fail to see a difference in principle between knowledge by transferees that they would be held on a judgment against their transferor and knowledge that a tax deficiency might be assessable against them.

Respondent contends further that the liquidation dividends were charged with a trust in favor of creditors and petitioners did not receive them "under claim of right and without restriction" as in the *Switlik* case. This trust fund theory lends no support to respondent's position. Insolvency, rather than knowledge of liquidation, is, by the general rule, the basis for the application of the trust fund doctrine, Mertens, The Law of Federal Income Taxation, Section 53.37, and insolvency of the transferor is not an element in this case. The respondent states that the petitioners as transferees "made no attempt to provide for this liability" and that a complete liquidation was made "leaving no assets in the hands of the corporation with which to meet the obligation" for the judgment. The petitioner points out that under the provisions of section 115 (c) as it existed prior to the 1942 Act, the distributions could not be postponed but must be completed in 2 years in order to qualify as capital gains.

The respondent's remaining contentions reiterate his premise that the payment of the judgment was such a part of the capital transaction that it should not be regarded as an ordinary loss. Unless we regard the payment of a judgment as different in principle from a payment of taxes, this argument is to no avail and the issue is disposed of by the *Switlik* case. We see no need to revive or repeat the arguments raised therein since we are of the opinion that the case is not distinguishable. Any other view would multiply gossamer distinctions and ignore the harmonizing principle. Cf. *Roberta Pittman*, 14 T. C. 449, and *Seth M. Milliken*, 15 T. C. 243.

We hold that the payment by petitioners of the amount of a judgment against a corporation of which they were transferees was an ordinary loss to them in the year of payment.

*Decisions will be entered under Rule 50.*