GORDON W. HARTFIELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWIN E. HEALY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22944, 22945. Promulgated January 26, 1951.

*James H. Heffern, Esq.*, for the petitioners.
*Michael Waris, Jr., Esq.*, for the respondent.

### OPINION.

BLACK, *Judge:* The sole question herein is whether that portion (or any part thereof) of petitioners' salaries which was disallowed as a deduction in the taxable year to a corporation as being excessive is includible in petitioners' income where the corporation was insolvent and petitioners as transferees satisfied, in a subsequent year, the tax deficiencies of the corporation pertaining to years other than the taxable year, which arose as a result of the disallowance of excessive salaries in those other years. No question is raised by either party as to the insolvency of the corporation or as to the liability of petitioners as transferees.

Petitioners contend that the excessive salaries which they received from the corporation in 1945 are not includible in their incomes because the disallowance of these salaries (in addition to several other minor adjustments) reduced the corporation's net loss for 1945, and in the application of the net loss carry-back there remained tax deficiencies of the corporation for the years 1941 and 1942 which petitioners voluntarily satisfied as transferees.

Respondent contends that the full amount of the salaries received in 1945 is includible in petitioners' incomes and may not be reduced by the amount of excessive salary determination, and in any event the most that petitioners would be entitled to as an exclusion would be the amount subsequently paid as transferees.

The facts herein are almost identical with those in *Hall C. Smith,* 11 T. C. 174, and we believe that case governs the instant proceedings. In the *Smith* case the transferee liability had already been determined by this Court in a prior proceeding and petitioner was found liable as a transferee to the *full* extent of the excessive compensation received by him in 1943. Although the transferee liability was not determined until 1948 (*Hall C. Smith, Transferee,* Docket No. 9462, affd., 184 Fed. (2d) 1011) we held that the petitioner therein had not received taxable income in 1943. We said:

* * * Here, there was a definite legal restriction of the petitioner's use of the excessive compensation which attached the moment that he received it. Such is the nature of a transferee liability.

There is obvious inconsistency, as well as injustice, in the respondent's position in seeking to tax the petitioner on income to which he, the respondent, has successfully laid claim on the ground that it was never the petitioner's income by right.

The fact that the transferee liability was admitted by the petitioners in the instant proceedings should not place them in a worse position than was the petitioner in *Hall C. Smith, supra,* and we cannot therefore distinguish the cases on this fact. In *Hall C. Smith, supra,* the transferee liability exceeded the amount of excessive compensation and we therefore held that *all* of the excessive compensation was impressed with a trust and was not taxable income to petitioner when received. Petitioners herein claim that the full amount of their excessive compensation is likewise not taxable income.

Although respondent disagrees with the result in *Hall C. Smith, supra,* he argues that even if we are to follow the rationale of the *Smith* case, that case does not support petitioners' contention that *all* of *their* excessive compensation received in 1945 is not taxable income. Respondent contends that only the amounts actually used to satisfy the corporate deficiencies ($5,681.03 from each petitioner) should be excluded from taxable income. We agree with the contention because the only amounts which petitioners received as excessive compensation in the taxable year, which were not income, were the amounts ultimately paid in satisfaction of their transferee liabilities which amounts were impressed with a trust from the time of their receipt. *Hall C. Smith, supra; Commissioner* v. *Turney,* 82 Fed. (2d) 661.

*Decisions will be entered under Rule 50.*