**COMMISSIONER OF INTERNAL REVENUE v. ARROWSMITH et al.**

**COMMISSIONER OF INTERNAL REVENUE v. VIVIAN.**

Nos. 78, 79, Dockets 22077, 22078.

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1951.

Decided Jan. 10, 1952.

Theron Lamar Caudle, Ellis N. Slack, Helen Goodner and Edward J. P. Zimmerman, Washington, D. C. (argued by Morton K. Rothschild, Washington, D. C.), for petitioner.

George R. Sherriff, New York City, for respondents.

Before CHASE, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■■■ The liabilities which, in 1944, the taxpayers incurred under the judgment and paid, were directly related to—and would not have existed except for—the capital distributions made by the corporation to those taxpayers in earlier years. Those liabilities, in other words, represent "merely diminution in the capital gain received on the distribution" theretofore made.[1] The two are tied together, and therefore the deductions in 1944 should be treated as capital losses.

In so holding, we disagree with Commissioner of Internal Revenue v. Switlik, 3 Cir., 184 F.2d 299. The court there, relying on North American Oil Consolidated Co. v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197, rested its decision on what has been called "the theory of the single year as the unit of taxation"[2] and the resultant principle that a tax return for a previous year may not be reopened to reflect a subsequent fact. But we think that this now well-settled principle[3] does not mean that an examination of the previous year's return may not be made in order to determine the nature of the new fact for the purpose of ascertaining how a gain or loss is to be categorized in computing taxable income for the year in which the new fact happened.[4] So here, considering together the events of the previous year and of the taxable year, the losses in the taxable year show up as arising out of a "sale or exchange."

2. Bauer argues that his payment of half the judgment was fully deductible, in any case, because made pursuant to a personal judgment against him, which he would have had to pay regardless of any liquidating distributions he received. See Trounstine v. Bauer, Pogue & Co., Inc., 2 Cir., 144 F.2d 379. We agree that the payment of a judgment against a corporate officer in these circumstances would ordinarily be deductible as a straight income loss. Here, however, Bauer was also liable, as a transferee, for the amount paid out, and that liability (we have held above) was an integral part of the original liquidation transfer, and so deductible as a capital loss only. We think, therefore, that the accidental fact that Bauer was liable both as an officer and as a transferee, did not give him the option of picking which liability he would satisfy, according to its tax consequences, when, as here, satisfaction of one liability discharged the other. For our purposes, the fact that he was personally liable for the judgment is superfluous; his fundamental position in regard to the 1944 payment was no different from that of the other transferee.

Reversed.

---

1. See Judge Disney, dissenting, in Switlik v. Commissioner, 13 T.C. 121, 127–128.

2. 64 Harv.L.Rev. 858, 859 (1951).

3. See, United States v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560; Burnet v. Sanford and Brooks Company, 282 U. S. 359, 51 S.Ct. 150, 75 L.Ed. 383; St. Regis Paper Co. v. Higgins, 2 Cir., 157 F.2d 884, certiorari denied 330 U.S. 843, 67 S.Ct. 1083, 91 L.Ed. 1288.

4. Cf. Westover v. Smith, 9 Cir., 173 F. 2d 90; Commissioner of Internal Revenue v. Carter, 2 Cir., 170 F.2d 911.