## COMMISSIONER OF INTERNAL REVENUE v. HARTFIELD.

## COMMISSIONER OF INTERNAL REVENUE v. HEALY.

### Nos. 153–154.

### Docket 22127–22128.

United States Court of Appeals
Second Circuit.

Argued Jan. 17, 1952.

Decided Feb. 15, 1952.

Theron Lamar Caudle, Asst. Atty. Gen., A. F. Prescott, Graham Loving, Jr., Special Assts. to the Atty. Gen., Mason B. Leming and Ellis N. Slack, Acting Asst. Atty. Gen., for petitioner.

James H. Heffern, Buffalo, N. Y., for respondent.

Before AUGUSTUS N. HAND and CLARK, Circuit Judges, and BRENNAN, District Judge.

BRENNAN, District Judge.

This appeal questions the taxable status of the alleged overpayment by the taxpayers of income tax for the calendar year 1945. The facts are not complicated; the issue of law is concise.

At the times pertinent here, George W. Hartfield and Edwin E. Healy were officers of the Hartfield-Healy Supply Company, Inc., a New York corporation, and each was the owner of twenty-five of the fifty-two outstanding shares of stock. In 1945 the corporation was insolvent. During that year there was paid by the corporation as salary to each of the above named officers the sum of $30,000. Such payments were reported on the corporate tax return for that year, and were reported as income received by the recipients in their 1945 individual income tax returns, which were made on a cash basis.

Upon later examination of the corporate return, the Commissioner found that $10,000 of the amount paid to each taxpayer as salary, and about $1000 in life insurance premiums paid for him were excessive, and same were disallowed as deductions therein.

Other determinations affecting the corporate returns in prior years were made, resulting in tax deficiencies. In 1947 and 1948 Hartfield and Healy each paid to the Collector direct, or through the corporation, a total of about $7,000 to satisfy the balance of the deficiencies due from the corporation. The determinations of the Commissioner above referred to, the insolvency of the corporation, and the liability of respondents as transferees in the amounts paid are not disputed.

Appropriate proceedings were instituted by Hartfield and Healy to recover the claimed overpayment of their individual 1945 income tax based upon the facts as outlined above. The proceedings were consolidated, and the Tax Court held, 16 T.C. 200, that the amounts actually paid to satisfy the corporate tax deficiencies were impressed with a trust from the time of their receipt as salaries, and should be excluded from the taxable income of respondents as shown in their returns. It was held that they should accordingly recover the resulting overpayments.

A legal issue arises by reason of the petitioner's contention that the lower court was in error in concluding that respondents' returns for 1945 should be reopened to reflect subsequent facts.

Since the decision below, the Supreme Court in U. S. v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 523, 95 L.Ed. 560, has re-affirmed the "claim of right" doctrine, as enunciated in North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197, and refers to same as " * * * now deeply rooted in the federal tax system." This court in the case of Commissioner of Internal Revenue v. Bauer, 2 Cir., 193 F.2d 734, cited U. S. v. Lewis, and recognized that a tax return for a previous year may not be reopened to reflect subsequent facts as a well-settled principle.

There would seem to be no question here that the respondents received their 1945 salaries from the corporation under a claim of right, and without restriction as to their disposition, which is the test outlined in the North American Oil case. The fact that such salaries were reported on the individual tax returns as earnings or income would seem to be determinative of that question.

There remains then only respondents' contention that such salaries were received impressed with a trust by reason of the provisions of the Internal Revenue Code relative to the liability of transferees, or the provisions of Section 15 of the Stock Corporation Law of the State of New York. The latter contention was not raised below.

The liability of the taxpayers as transferees must necessarily have awaited the determination as to the existence and amount of the excessive salary payments. It was not fixed in 1945. Even though corporate insolvency were admitted, the liability of the officers did not exist until excessive payments were determined as a fact, and it was established that a deficiency in the corporate tax existed. The citation of North American Oil v. Burnet, supra, and U. S. v. Lewis, supra, would seem to be sufficient to demonstrate that the decision below cannot stand upon the transferee trust fund theory. See also Fleischer v. Commissioner, 8 Cir., 158 F.2d 42. This seems to be recognized by the Tax Court itself in Pittman v. Commissioner, 14 T.C. 449.

Section 15 of the Stock Corporation Law of the State of New York is not applicable here. If it has any bearing on a question of federal taxation, we are not persuaded that it would override the legal principle above referred to. In any event it would apply only in case of payments made with the intent of giving a preference to creditors. Such intent must exist or be established to invoke the statute and to establish a liability upon the recipient. The contention lacks a factual basis. New York Credit Men's Association v. Hasenberg, D. C., 26 F.Supp. 877; affirmed 2 Cir., 107 F.2d 1020, per curiam.

Reversed.