**BAINBRIDGE et al. v. UNITED STATES.**
**Civ. 4041.**

United States District Court
N. D. New York.
May 16, 1952.

Hinman, Straub, & Manning, Albany, N. Y. (John W. Manning, Albany, N. Y., of counsel), for plaintiffs.

Edmund Port, U. S. Atty., Syracuse, N. Y., Lester L. Gibson, Sp. Asst. to Atty. Gen., for United States.

BRENNAN, Chief Judge.

This action is submitted to the Court upon stipulated facts and requires only the application of the law thereto.

The problem involves the contention of the plaintiffs that the tax return of the taxpayer for the year 1944 should be reopened to allow a tax refund occasioned by the diminution of the taxpayer's income as a result of the application of the Renegotiation Act of 1942, 50 U.S.C.A.Appendix, § 1191.

The plaintiffs are the executors of the estate of Edmund F. Bainbridge, who died July 19, 1945. He filed his 1944 tax return, and the plaintiffs filed a final tax return in his behalf for the period from Jan. 1, 1945 to July 16, 1945 upon a cash basis. During the period pertinent here the decedent was an officer of the Anti-Corrosive Metal Products Co., Inc. His compensation was based in part upon an agreement whereby he received a certain percentage of the yearly corporate profits determined before giving effect to the Renegotiation Act of 1942, and federal and excess profit taxes. The tax returns filed as above reported as income to the taxpayer payments by the corporation in pursuance to the above agreement. In September, 1946, the Metal Products entered into an agreement wherein it was agreed that the profits of the corporation, received or accrued during the calendar year 1944, was reduced in an amount of about $310,000. This agreement resulted from the application of the provisions of the Renegotiation Act and as a result thereof the estate of Edmund F. Bainbridge was, obligated to repay to the corporation about $25,000 previously received by him in 1944 on account of the agreement referred to above. A claim for refund of income taxes paid by the taxpayer in an amount of about $35,000 was made and filed. Administrative proceedings followed, ultimately resulting in the denial of the claim. The 1944 and 1945 returns mentioned above were audited together and were treated by defendant in one report. This action was thereafter commenced.

The essential question here is to decide whether or not the tax return for 1944 may be reopened to reflect the claimed overpayment of taxes by the taxpayer arising by reason of the reduction of the corporate income for the year 1944 by the application of the provisions of the Renegotiation Act, which resulted in an obligation of the taxpayer to restore to the Company a part of the sum received as income for that year.

Plaintiffs concede that the decisions in the North American Oil v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197; U. S. v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560; C. I. R. v. Arrowsmith, 2 Cir., 193 F.2d 734, and C. I. R. v. Hartfield, 2 Cir., 194 F.2d 662, established that the principles of the "claim of right" and "integrity of the taxable year" are definitely recognized in the administration of the Internal Revenue Laws, and it may well be that the decision might rest upon the citation of these authorities. Plaintiffs urge, however, that, since these principles are "judge-made" rather that statutory, they should be elastic enough to allow the application of equitable principles which should be applied in this case. They cite legal articles which are critical of the doctrines and further urge that, since the Supreme Court in U. S. v. Lewis, supra, did

not expressly overrule the decision in Gargaro v. U. S., 73 F.Supp. 973, 109 Ct. Cl. 528; 86 F.Supp. 840, 114 Ct.Cl. 704, room is still afforded to allow the plaintiffs relief. Both the prevailing and dissenting opinions in U. S. v. Lewis, supra, show that the matter of adjusting equities to each particular case was considered and rejected in favor of a more certain rule for the determination of tax liabilities. The prevailing opinion shows without doubt that the decision in Greenwald v. U. S., 57 F. Supp. 569, 102 Ct.Cl. 272, upon which the decision in Gargaro v. U. S., supra, was based, was rejected, so that this Court can conclude that the contentions made here have already been passed upon and rejected by an appellate court.

As in the Gargaro case, 86 F. Supp. 840, 114 Ct.Cl. 704, the provisions of the Internal Revenue Code, 26 U.S.C.A. § 3806, which in substance allows a corporation or individual whose contracts are renegotiated, the equivalent of an income tax refund for the year in which the profits are eliminated, is called to the Court's attention. The argument is made that the same rule should be applied to an individual employee whose compensation is ultimately dependent upon the provisions of the Renegotiation Act. The answer to the argument is that any profit afforded to the contractor under that section is the result of a definite congressional enactment, and the employee is not named as a beneficiary of its provisions. This Court may not legislate under the guise of doing equity.

It is unnecessary to discuss in detail the principle enunciated in the North American Oil v. Burnet, supra, or the facts in this case, which make the principle applicable here. That case and the later decisions mentioned above are conclusive as requiring that the taxpayer's 1944 tax return may not be reopened to reflect the subsequent fact that a part of the income reported therein must be returned to the employer. The income when received was rightfully claimed and payment was made unconditionally.

The facts as established by the parties in their written stipulation filed with the Court are hereby adopted as the findings of this Court.

For its conclusion of law the Court holds that the defendant is entitled to a judgment dismissing the plaintiffs' complaint, and for a judgment upon its counterclaim against the plaintiffs as executors, in accordance with the provisions of Paragraphs "Sixteenth" and "Seventeenth" of the stipulation.

Judgment is ordered accordingly.