382

ARNOLD F. HEIDERICH AND IRMA L. HEIDERICH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HENRY A. RAMEY AND T. LUCILLE RAMEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 34209, 34210.    Promulgated December 4, 1952.

*David Beck, Esq.*, for the petitioners.
*John J. Hopkins, Esq.*, for the respondent.

## OPINION.

HILL, *Judge:* Only one issue is before us and it involves the question whether there has been incurred an ordinary or a capital loss where persons who had received distributions on liquidation of a corporation (capital gains) in a later year were required to satisfy a liability of the corporation as transferees of its assets.

Applicable sections of the Code are set out in the footnote below.[2] The Supreme Court in *Arrowsmith* v. *Commissioner*, 344 U. S. 6, affirming *Commissioner* v. *Bauer*, 193 F. 2d 734, reversing *Frederick R. Bauer*, 15 T. C. 876, held that any such loss resulting from satisfaction of transferee liability is a capital loss in the year of payment. We find no basis for a distinction between this case and the case before us. Accordingly, we hold that when the petitioners, as transferees of the assets of the liquidated corporation, paid the debt of the corporation, which included interest on the deficiency up to the date of liquidation, the tax consequence was a capital loss to the transferees in the year of payment.

*Decisions will be entered under Rule 50.*

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this chapter.

\* \* \* \* \* \* \*

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

    (1) if incurred in trade or business; or

    (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*

\* \* \* \* \* \* \*

(g) CAPITAL LOSSES.—

    (1) LIMITATION.—Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117.

\* \* \* \* \* \* \*

SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(c) DISTRIBUTION IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. \* \* \*

SEC. 117. CAPITAL GAINS AND LOSSES.

(b) PERCENTAGE TAKEN INTO ACCOUNT.—In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net capital gain, net capital loss, and net income:

    100 per centum if the capital asset has been held for not more than 6 months;

    50 per centum if the capital asset has been held for more than 6 months.