Clarence J. Simon and Margaret J. Simon v. Commissioner.
Simon v. Commissioner
Docket No. 68276.
United States Tax Court
T.C. Memo 1960-34; 1960 Tax Ct. Memo LEXIS 256; 19 T.C.M. (CCH) 181; T.C.M. (RIA) 60034; February 29, 1960
*256 Clarence J. Simon, pro se, 710 Leonard Street, Madison, Wis. William J. Wise, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined a deficiency in the income tax of petitioners for the taxable year 1955 in the amount of $159.97. The issue presented is whether the respondent erred in disallowing a loss carryover from the taxable year 1954. Findings of Fact The stipulated facts are found. Petitioners are husband and wife, residing in Madison, Wisconsin, who filed their joint individual income tax return for 1955 with the district director at Milwaukee, Wisconsin. Hereinafter reference to petitioner denotes the husband, Clarence J. Simon, unless otherwise indicated. Petitioner is an attorney at law who in 1951, and for some years prior thereto, practiced and lived in Medford, Wisconsin. In 1946 petitioners constructed a house upon land owned by them and in November of that year occupied it as their residence. They continued to reside there until November 1951 at which time petitioners moved to Madison, Wisconsin, where, after renting a home for a period, they purchased and moved into their present *257 home. Upon vacating their Medford home petitioners placed it upon the market for sale. While still for sale the Medford home was rented to others during June, July, and August of 1952 and was again rented from December 1952 until August 1953. The property thereafter remained vacant until May of 1954 when it was sold by petitioners at a price of $10,000. Petitioners claimed and were allowed depreciation on the Medford property in the amount of $290 for each of the years 1952 and 1953. No depreciation was claimed by them for 1954. In their 1954 income tax return, petitioners, claiming a cost basis in the property of $14,500, indicated a long-term capital loss on its sale in the amount of $4,337, with $580 depreciation allowed or allowable and expenses of sale in the amount of $417. Other capital transactions in that year produced reported capital gain of only $250. The net long-term capital loss was reported as $4,087. Petitioner's reported gross income for 1954 was $4,239.24, with seven claimed personal exemptions and itemized deductions of $1,644.05. No deficiency notice was issued by respondent for that year. In their 1955 income tax return petitioners claimed a $1,000 capital *258 loss carryover as a deduction. Respondent has disallowed the loss carryover deduction. The assessed valuation of the Medford house and lot in June of 1952 was $5,100, which represented 50 to 60 percent of its fair market value at that date. The fair market value of the Medford house and lot as of June 1952 was $10,000. Opinion Having sold their real property in May of 1954 for $10,000 and claiming their basis therein to be its cost of construction in the amount of $14,500, petitioners seek a loss carryover deduction in the amount of $1,000 during the taxable year 1955 on the ground that the sale was a capital transaction. Respondent contends they suffered no loss on the sale of the property but that, should the Court find to the contrary, the loss was ordinary in character and, under the 1954 Internal Revenue Code provisions, would be absorbed by petitioners' net taxable income for the year 1954. If petitioner suffered no actual loss, it is unnecessary that we consider the provisions of the 1954 Code relating to the character and treatment of losses from the sale or exchange of property. Because petitioners actually rented their property for at least 10 months during 1952 *259 and 1953 and because, by claiming and having had allowed depreciation thereon for each of those years, they themselves have so treated the property, we conclude that the property was used by them in the business of its rental at the time of its sale in May of 1954. Petitioner has the burden of proof, but has failed to indicate any difference in the purpose for which it was held subsequent to December 31, 1953, until the date of its sale. Leland Hazard, 7 T.C. 372; Anders I. Lagreide, 23 T.C. 508. Having used their property in trade or business, their basis is the lesser of their remaining adjusted cost basis or fair market value at the date of its conversion to rental property. Joseph F. Cullman, Jr., 16 B.T.A. 991; Heiner v. Tindle, 276 U.S. 582. Except for petitioner's own testimony, he has offered no evidence as to the fair market value of the property at the date of its conversion from residential to rental property in June of 1952. His opinion is that on that date, after some improvement and after having been resided in by his family since November 1946, the fair market value was still equal to its claimed cost of construction *260 or $14,500. While he, as owner, is entitled to express his opinion as to the value of his property, we do not find his opinion to be worthy of great weight. His knowledge of real estate values in Medford was not gained through experience in the purchase and sale thereof. Such knowledge was based only upon his experience in closing real estate transactions in his law office for clients. Opposed to his testimony is that of the realtor with whom the petitioner in October 1951 listed the property for sale at $14,500 and with whom it continued to be listed at that price until April 30, 1954, when, after the realtor had been unable to find a purchaser at the asking price, the petitioner withdrew the listing and in the following month accepted an offer of $10,000 for the property. The realtor had had long experience as such and was familiar with petitioners' property. His appraisal of fair market value in late 1952 and early 1953, a period subsequent to the date of its conversion, was $11,500. His appraisal was based upon other sales and upon the assessed valuation of petitioners' property. He further testified that assessed valuations in Medford were from 50 to 60 percent of fair market *261 values. Based upon his testimony, we have found as a fact that upon the date of its conversion to rental purposes petitioners' property was assessed at $5,100. Other testimony by him indicates there had been little if any change in its fair market value from late 1952 and early 1953 until the date of its sale. We have therefore found as a fact that the fair market value of petitioners' property on the date of its conversion to rental purposes, June 1952, was $10,000. Having claimed and been allowed a total of $580 depreciation in 1952 and 1953, the remaining basis would be $9,420. Having sold the property for $10,000 and expenses of sale being $417, the resulting net selling price was $9,583. It follows that respondent's finding that no loss was suffered by petitioners in 1954 must be sustained. We find no merit in petitioners' contention that, because the year 1954 is now closed by the statute of limitations, we are barred from considering whether the loss claimed by them to have occurred in that year actually did occur. The issue has long been settled to the contrary. Aprowsmith v. Commissioner, 344 U.S. 6, affirming 193 F. 2d 734; Lord Forres, 25 B.T.A. 154. *262 Decision will be entered for the respondent.