FLORENCE McCALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELIZABETH K. NEWTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RACHEL S. CHRISTOPHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ISABEL K. J. GARRON, GORDON A. BLOCK AND WOODBURY TRUST COMPANY AS EXECUTORS OF THE ESTATE OF JOSEPH R. NEWTON, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47702–47705.  Promulgated June 7, 1932.

*A. E. James, Esq.,* for the petitioners.
*B. U. Steele, Esq.,* for the respondent.

294

OPINION.

VAN FOSSAN: In his brief counsel for the petitioners discusses only two of his allegations of error. He contends that the petitioners are not transferees within the intendment of section 316 of the Revenue Act of 1926 and, in the alternative, that the respondent erroneously included in the gross estate of Mahlon W. Newton, deceased, the value of certain real property situated in the State of New Jersey.

Though the petitioners have not abandoned their allegation that the statute of limitations has run against the assessment of estate taxes against the estate of Mahlon W. Newton, deceased, it is not deemed necessary to discuss the same, in view of our conclusion on the merits of the case.

We have held that the statute places a real burden of proof on the respondent and that he must establish the liability of the transferee against whom he proposes to proceed. *Eliza J. Wray*, 24 B. T. A. 94; *Annie Temoyan et al.*, 16 B. T. A. 923. In the present proceedings, for the purpose of sustaining the burden of proof imposed on him, the respondent introduced in evidence the last will and testament of Mahlon W. Newton, together with a codicil thereto, and the " first and final account " filed by the executors as stated in the findings of fact, together with the adjudication thereof by the court

dated April 6, 1927. The respondent offered no other evidence to sustain the burden of proof.

Thereupon the petitioners, by their counsel, moved for judgment on the ground that the respondent had failed in his proof for the reason that he had not proved whether or not subsequent to April 6, 1927, the date of the accounting and adjudication, the estate of Mahlon W. Newton had received funds not accounted for in the accounting, and also for the reason that the respondent had not proved that he had exhausted his legal remedies against the estate. The petitioners also moved for judgment on the ground that proceedings to collect the deficiency from the continuing estate in the hands of the trustees should have been prosecuted by the respondent to no avail before proceeding to enforce liability against specific legatees as transferees. Decision of these motions was reserved.

The petitioners then offered evidence from which we have found as a fact that certain certificates of stock which Mahlon W. Newton had acquired and lost had been discovered after the date of the accounting and adjudication; that one of the executors had received on account of such stock and in cash the sum of $4,400; that from such sum and other after acquired property there remained in the estate at the time of the hearing herein a sum more than sufficient to satisfy the deficiency in estate tax asserted by the respondent against the petitioners as transferees.

It has been held that before proceedings may be brought against a transferee it must appear that the remedies against the transferor would be of no avail. *Swan and Cattle Co.* v. *Frank*, 148 U. S. 603; *Phil Gleichman*, 17 B. T. A. 147. It does not appear in these proceedings that such is the case. It is our opinion that the contrary appears.

It is a principle of law that the accounts of executors, administrators and trustees, when approved by courts of competent jurisdiction, are conclusive *only* as to the matters and things embraced within the accounts. The law vests in executors and administrators the legal ownership of the personal property belonging to a decedent at the date of his death and they must account for it. *Powell* v. *Pennock*, 181 Mich. 588; 148 N. W. 430; *Joseph W. Herzig*, 198 N. Y. 456; 92 N. E. 103; *Matter of Heavy*, 125 App. Div. (N. Y.) 619; *In re Marstellar's Estate*, 76 Pa. Superior 377. In the last cited case the Pennsylvania court held that there is nothing to prevent a call upon the executors to file a supplemental account when goods, chattels and money have come into their hands after the accounting. " The account is conclusive only as to those matters accounted for." Cf. *Schaeffer's Appeal*, 119 Pa. 640; 13 Atl. 212.

Here it appears that after the date of the accounting and the adjudication dated April 6, 1927, the estate of the decedent came

into possession of funds in an amount sufficient to pay the deficiency in tax. It does not appear that such funds had been distributed to the beneficiaries or transferred to the trustees. They were still in the hands of the executrix and available for payment of the taxes in question. It also appears that even at the date of the hearing herein there were sufficient funds of the estate in the hands of the executrix with which to pay the deficiency. This sum was part of the proceeds of personal property discovered after the accounting and settlement hereinbefore referred to and ultimately must be accounted for by the executrix. The accounting referred to did not purport to be a final account in the sense that it was followed by discharge of the executrix. The estate has not been closed and there yet exists a duly qualified and acting executrix.

The transferees' liability was not asserted against these petitioners until January, 1930, and so far as appears the respondent based his assertion of the petitioners' liability as transferees solely on the accounting of April 6, 1927. The respondent made no attempt between April 6, 1927, and January, 1930, to enforce either at law or in equity any liability against the estate of Mahlon W. Newton or the executors thereof, although it is apparent from the facts that the fund hereinbefore referred to could have been reached by execution at and prior to the date of the attempted assertion of the transferee liability.

These proceedings are distinguishable from *Lulu Vance Baumgartner*, 21 B. T. A. 623; affd., 51 Fed. (2d) 452, since in that case it was stipulated that the estate had been distributed and there were no known additional assets.

It follows from the foregoing that the petitioners herein are not liable as transferees.

Reviewed by the Board.

> *Judgment of no transferee liability will be entered.*