PHILLIPS–JONES CORPORATION ET AL. *v.*
PARMLEY, EXECUTRIX, ET AL.

No. 45. Argued November 19, 1937.—Decided December 6, 1937.

*Mr. Robert T. McCracken,* with whom *Mr. Milton J. Levitt* was on the brief, for petitioners.

234

Case submitted on brief for Margaret Wilkinson, respondent, by *Margaret Wilkinson, pro se.*

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The sole question for decision is the stockholder's right to contribution.

In 1919, the Coombs Garment Company, a Pennsylvania corporation, wound up its affairs and distributed its assets ratably among its eleven stockholders. In 1924 and 1925, the Commissioner of Internal Revenue assessed against the company additional income and profits taxes for the years 1918 and 1919. To the extent of $9,306.36 these taxes remained unpaid. I. L. Phillips, a stockholder resident in New York City, had received in 1919 liquidating dividends in excess of that amount. In 1926, the Commissioner notified Phillips that it was proposed to assess against him as transferee of the corporation's assets this sum of $9,306.36, pursuant to § 280 (a) (1) of the Revenue Act of 1926 (c. 27, 44 Stat. 9, 61). No notice of the deficiency was sent by the Commissioner to any of the other stockholders; no assessment was made against any of them; and no proceeding was instituted by him against any of them.

Phillips having died, his executors contested the deficiency assessed against the company and both the validity and the amount of the assessment made against him, insisting, among other things, that in no event could Phillips' estate be held liable for more than his pro rata portion of the unpaid tax of the company. The Commissioner adhering to his determination, the executors sought a review by the Board of Tax Appeals. It held Phillips' estate liable for the full amount. 15 B. T. A. 1218. The United States Circuit Court of Appeals for the Second Circuit affirmed that judgment, 42 F. (2d)

177. And, in *Phillips* v. *Commissioner*, 283 U. S. 589, we affirmed the judgment of that court.

The Phillips-Jones Corporation, which was the real owner of the stock standing in Phillips' name, paid the judgment and the expenses of the litigation. Then it and Phillips' executors brought, in the federal court for eastern Pennsylvania, this suit in equity for contribution against the eight stockholders or their representatives, resident in that State. The District Court dismissed the bill for want of equity, on the ground that liability for the taxes arose solely from assessment under § 280; and that since the defendant stockholders had never been assessed they were not liable for contribution. In affirming that judgment the Circuit Court of Appeals said, 88 F. (2d) 958, 959:

"Any stockholder, including the appellees, should be and in our opinion is, entitled to an assessment by the Commissioner prior to imposition of tax liability upon him. The appellants would by implication add another method of imposing an assessment upon the stockholder, namely, by an action for contribution. It is not for the courts to extend the methods prescribed by Congress for imposing tax liability. In the absence of assessment against the several appellees by the Commissioner, or, a decree or judgment of a court of record imposing tax liability upon them at the instance of the Commissioner, the liability to contribution in relief of the appellant is not established."

We granted certiorari. The injustice of allowing the other stockholders to escape contribution is obvious. And there is nothing in the applicable statutes, or the unwritten law, which compels our doing so.

*First.* The liability of the stockholders for the taxes was not created by § 280. It does not originate in an assessment made thereunder. Long before the enactment it had been settled under the trust fund doctrine

236

(see *Pierce* v. *United States,* 255 U. S. 398, 402–403) that if the assets of a corporation are distributed among the stockholders before all its debts are paid, each stockholder is liable severally to creditors, to the extent of the amount received by him; and that as between all stockholders similarly situated the burden of paying the debts shall be borne ratably. But because the Commissioner was free to pursue Phillips alone for the entire amount of the unpaid taxes, Phillips could not compel him to join other stockholders in the proceeding, as was said in *Phillips* v. *Commissioner, supra,* p. 604:

"Whatever the petitioners' right to contribution may be against other stockholders who have also received shares of the distributed assets, the Government is not required, in collecting its revenue, to marshal the assets of a dissolved corporation so as to adjust the rights of the various stockholders."

*Second.* The right of a stockholder transferee to contribution arises under the general law and does not differ from that of any other person who has paid more than his fair share of a common burden. The right to sue for contribution does not depend upon a prior determination that the defendants are liable. Whether they are liable is the matter to be decided in the suit. To recover, a plaintiff must prove both that there was a common burden of debt and that he has, as between himself and the defendants, paid more than his fair share of the common obligations.[1] Every defendant may, of course, set up any defense personal to him.

---

[1] Compare *Lidderdale* v. *Robinson,* 12 Wheat. 594; *Wright* v. *Rumph,* 238 Fed. 138 (C. C. A. 5); *U. S. Fidelity & Guaranty Co.* v. *Naylor,* 237 Fed. 314 (C. C. A. 8); *Carter* v. *Lechty,* 72 F. (2d) 320 (C. C. A. 8); *Allen* v. *Fairbanks,* 45 Fed. 445 (C. C. D. Vt.); see *M'Donald* v. *Magruder,* 3 Pet. 470, 477; *Southern Surety Co.* v. *Commercial Casualty Ins. Co.,* 31 F. (2d) 817, 819 (C. C. A. 3).

Since the enactment of § 280, as before, a bill in equity against a stockholder transferee is a remedy available to the Commissioner to enforce the tax liability of the corporation. *Leighton* v. *United States*, 289 U. S. 506; *Hulburd* v. *Commissioner*, 296 U. S. 300, 303. If he had resorted to that remedy he could have sued Phillips alone (see *Phillips* v. *Commissioner, supra,* pp. 603–604); and if thereupon Phillips had paid the entire tax, obviously he could have brought a bill in equity against the other stockholders for contribution.[2] The right is no less where the Commissioner proceeds under § 280. This statute does not affect the duty of other stockholder transferees to contribute; it merely provides the Commissioner with a summary remedy for enforcing existing tax liability. *Phillips* v. *Commissioner, supra,* pp. 592, 594. As an incident of this summary remedy, the Commissioner must make an assessment against the stockholder or stockholders whom he elects to pursue. But, as each stockholder transferee is severally liable to the extent of the assets received by him, the Commissioner may pursue only one and need not make an assessment against other transferees. He elected to proceed only against Phillips; and as he succeeded in obtaining payment of the whole tax from Phillips' estate, he had no occasion to make an assessment against other stockholders. Indeed, after the corporation's tax had been paid he had no power to do so.

*Reversed.*

---

[2] Compare *Richter* v. *Henningsan,* 110 Cal. 530; 42 Pac. 1077.