**UNITED STATES of America, Plaintiff,**

v.

**Genevieve RUSSELL and Floyd Russell, Defendants.**

**Civ. A. No. 1644.**

United States District Court
D. Rhode Island.

July 10, 1956.

Joseph Mainelli, U. S. Atty., Samuel S. Tanzi, Asst. U. S. Atty., Providence, R. I., for plaintiff.

William S. Flynn, Christopher J. Brennan, Providence, R. I., for defendant.

DAY, District Judge.

In this action the plaintiff seeks to enforce a lien for income taxes and penalties assessed against the defendants under section 311 of Title 26 U.S.C.A. as the transferees of certain real estate from Annie Nasif and John Nasif, the taxpayer-transferors.

This action was commenced on January 8, 1954. The defendants are wife and husband. The material allegations of the complaint may be summarized as follows: on September 22, 1950, the plaintiff was a creditor of the said Annie Nasif in the amount of $18,331.98 plus interest and of Annie Nasif and John Nasif in the amount of $14,574.38 plus interest for delinquent income taxes due for the years 1943, 1944, 1945 and 1946 although said income taxes had not been formally assessed; on and prior to September 22, 1950 they were the owners of several parcels of real estate in Pawtucket, Rhode Island, and that the said Annie Nasif was the owner of a parcel of real estate located at 169 Woodbine Street in said City of Pawtucket and particularly described in said complaint; that on September 22, 1950 the said Annie Nasif conveyed said parcel located at 169 Woodbine Street to her daughter, the defendant, Genevieve Russell, with John Nasif, her husband, joining in the conveyance; that at the time of this conveyance the said Annie Nasif and John Nasif were either insolvent or rendered insolvent by said conveyance and unable to pay their tax indebtedness; that the plaintiff is informed and believes, and upon information and belief, alleges that said conveyance was made by the said Annie Nasif without full or adequate consideration for the purpose of avoiding and evading the payment of her federal taxes and was made in fraud of the rights of the plaintiff who was at the time thereof her unpaid creditor; that on August 6, 1951, the plaintiff caused a notice of tax lien to be filed in the office of the City Clerk of the City of Pawtucket against Annie Nasif and John Nasif for the above amounts of income

taxes which were timely assessed on the Commissioner's List of April 1951 which was received by the Director of Internal Revenue on May 7, 1951, and that the latter within ten days thereafter gave notice thereof and made demand for payment of said taxes upon Annie Nasif and John Nasif who refused payment; that on December 21, 1951, the plaintiff filed an action in this Court wherein it sought to foreclose its tax lien against the said Annie Nasif, John Nasif and one Elias Nasif; that the real estate described in the complaint herein and four other parcels of real estate were sought to be sold in said proceeding; that the holders of mortgages thereon were named as parties defendant and on June 8, 1953 they were permitted by order of this Court to foreclose their mortgages on all of the parcels except said parcel located at 169 Woodbine Street; that a jeopardy assessment was made against the defendants on the Commissioner's July 1953 Special No. 1 Assessment List, as transferees of Annie Nasif and John Nasif in the amount of $9,780.34 on the basis of their transfer liability for income taxes timely assessed against Annie Nasif and John Nasif on May 7, 1951; that notice of said assessment was timely given to the defendants and demand made for the payment of said sum of $9,780.34 which defendants refused, and that thereafter a notice of tax lien against the defendants was duly filed in the office of the City Clerk of said City of Pawtucket; that the plaintiff in this action seeks to enforce its said lien against the defendants as transferees to the extent of the value of said real estate described in the complaint.

Since the defendants were not within the jurisdiction of this Court the plaintiff moved for the entry of an order providing for service of process by publication. Such an order was entered and the defendants were ordered to appear and plead on or before March 15, 1954.

On March 15, 1954, the defendants moved to dismiss the complaint on the ground that it failed to state a claim upon which relief can be granted. Before any arguments were made on this motion the plaintiff under Rule 15 of the Federal Rules of Civil Procedure, 28 U.S. C.A., filed what it described as an "Amended Complaint" on June 15, 1955.

In the so-called amended complaint the plaintiff repeated the allegations contained in the original complaint and added the following allegations, viz.: that on March 30, 1954 an order was entered by this Court in plaintiff's action against Annie Nasif, John Nasif and Elias Nasif whereby it was declared that Annie Nasif was indebted to the plaintiff in the sum of $21,493.61 and that Annie Nasif and John Nasif were indebted to the plaintiff in the sum of $17,088.49; that on February 23, 1955, the sum of $4,081.37 was realized from the foreclosure proceedings described in the original and so-called amended complaints and applied in part to the reduction of said indebtedness of Annie Nasif and of the said indebtedness of Annie Nasif and John Nasif; that on April 5, 1955, a writ of execution issued out of this Court in said action against John Nasif, Annie Nasif and Elias Nasif, which after the application thereto in part of said proceeds as aforesaid and a demand for payment on said Annie Nasif remains unsatisfied.

Subsequent to the filing of said so-called amended complaint by agreement of counsel for the parties the defendants' motion to dismiss was deemed to have been directed against the so-called amended complaint as though filed subsequently thereto. Arguments on this motion were heard and decision thereon reserved by me.

The defendants contend that the plaintiff's complaint fails to state a claim upon which relief can be granted because it appears therein that this proceeding was instituted against the defendants as transferees before the plaintiff had exhausted its remedies against the taxpayer-transferors. The plaintiff on the other hand contends that the complaint is legally sufficient because of the allegations therein that the taxpayer-transferors were either insolvent at the time of

the conveyance to the defendant, Genevieve Russell rendered insolvent thereby and that said conveyance was made by Annie Nasif without full or adequate consideration for the purpose of avoiding and evading the payment of her taxes.

▮▮ In considering the issue raised by the motion, it must be borne in mind that section 311 of Title 26 U.S.C.A. did not impose any new obligation upon the transferee of property from a delinquent taxpayer-transferor. It merely created a new remedy in the form of a summary and expeditious method of proceeding by assessment directly against a transferee of property from a delinquent taxpayer. While it is true that under some circumstances for procedural purposes the transferee is treated as a taxpayer, the liability of the transferee is clearly secondary, not primary. Phillips-Jones Corp. v. Parmley, 1937, 302 U.S. 233, 58 S.Ct. 197, 82 L.Ed. 221; Harrison v. Commissioner of Internal Revenue, 5 Cir., 173 F.2d 736; United States v. Kensington Shipyard & Drydock Corp., 3 Cir., 187 F.2d 709, 27 A.L.R.2d 708.

▮ Since the transferee's liability is secondary, the remedy afforded by section 311 is non-existent until all the remedies against the taxpayer-transferor are exhausted. Healy v. Commissioner, 345 U.S. 278, 73 S.Ct. 671, 97 L.Ed. 1007; Wire Wheel Corporation of America, 16 B.T.A. 737, affirmed 2 Cir., 46 F.2d 1013; Oswego Falls Corp., 26 B.T.A. 60, affirmed 3 Cir., 71 F.2d 673; Phil Gleichman, 17 B.T.A. 147; Terrace Corporation, 37 B.T.A. 263; Samuel Wilcox, 16 T.C. 572; Ann Gatto, 20 T.C. 830; Tena Napoli DeSalvo ¶55–076 P.H.Memo.T.C. (1955); 9 Mertens, Law of Federal Income Taxation, § 53.29.

In Oswego Falls Corp., supra, reported sub nom. Commissioner of Internal Revenue v. Oswego Falls Corporation, 2 Cir., 71 F.2d 673, the rule is stated in clear fashion at page 676 to be as follows:

"* * * The remedy afforded by section 280 of the Revenue Act of 1926 is nonexistent until all remedies against the taxpayer are exhausted. Wire Wheel Corp. of America v. Com'r, 16 B.T.A. 737; Id. [2 Cir.], 46 F.2d 1013 * * *."

▮ This general and well settled requirement is not absolute. It is subject to the exception that manifest futility of pursuing available remedies against the taxpayer will dispense with its observance. United States v. Fairall, D.C.S.D.N.Y., 16 F.2d 328; United States v. Garfunkel, D.C.S.D.N.Y., 52 F. 2d 727; Florence McCall, 26 B.T.A. 292. No such situation is presented here.

▮▮ In the present case there is no allegation that the plaintiff had exhausted its available remedies against the taxpayer-transferors prior to the commencement of this action. The exhaustion of these remedies was a condition precedent to the maintenance of this action against these defendants as transferees from the taxpayers. The inclusion in the so-called amended complaint of events occurring subsequent to the institution of this action cannot create a cause of action against these defendants which did not exist on January 8, 1954, the date the complaint herein was filed.

In my opinion the amended complaint fails to state a claim upon which relief can be granted. The defendants' motion to dismiss is granted.