**UNITED STATES of America,**
**Plaintiff,**

v.

**GULF DEVELOPMENT COMPANY,**
**Inc., et al., Defendants, (two cases).**

**Civ. A. Nos. 3189–63–H, 3950–65–H.**

United States District Court,
S. D. Alabama, S. D.
June 15, 1972.

Vernol R. Jansen, Jr., Charles S. White-Spunner, Jr., Irwin W. Coleman, Jr., Mobile, Ala., for plaintiff.

Vincent F. Kilborn, (now deceased) Vincent F. Kilborn, III, Mobile, Ala., for defendants.

HAND, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause coming on for hearing before the Court on the 30th day of May, 1972 and the trial having proceeded to a conclusion with the Court having heard the evidence of the witnesses and having considered the exhibits and the stipulations of the parties and the arguments of counsel, and further having considered the applicable law, finds as follows:

### FINDINGS OF FACT

1. That prior to 1958, Gulf Development Company, Inc., (hereinafter referred to as the corporate defendant-taxpayer) was incorporated under the laws

of the State of Alabama and had its principal place of business in Mobile, Alabama.

2. That on September 15, 1961, a delegate of the Secretary of the Treasury made an assessment for withholding-FICA tax liability covering the second quarter of 1961 against the corporate defendant-taxpayer in the total amount of $11,632.77; that notice of this assessment and demand for payment thereof was given to the taxpayer on September 15, 1961; and that the Notice of Federal Tax Lien reflecting the liability represented by this assessment was filed in the Office of the Judge of Probate of Mobile County, Alabama, on November 16, 1961.

3. That after application of all payments and credits, the balance presently outstanding on the assessment described in paragraph 2 above is $7,132.77; that the accrued interest, to November 20, 1970, on this assessment is in the amount of $5,974.28; and that the daily accrual rate thereafter and until the date of judgment is $1.20. The liability of the taxpayer for this amount was admitted by taxpayer in open court on direct interrogation by the Court at the commencement of the trial.

4. That on November 6, 1961, a delegate of the Secretary of the Treasury made an assessment for withholding-FICA tax liability covering the third quarter of 1961 against the corporate defendant-taxpayer in the total amount of $7,822.54; that notice of this assessment and demand for payment thereof was given to the taxpayer on November 7, 1961; and that a Notice of Federal Tax Lien reflecting the liability represented by this assessment was filed in the Office of the Judge of Probate of Mobile County, Alabama, on November 16, 1961.

5. That after application of all payments and credits, the balance presently outstanding on the assessment described in paragraph 4 above is $3,822.54; that the accrued interest, to November 20, 1970, on this assessment is in the amount of $3,869.00; and that the daily

accrual rate thereafter and until the date of judgment is $.63. The liability of the taxpayer for this amount was admitted by taxpayer in open court on direct interrogation by the Court at the commencement of the trial.

6. That on March 9, 1962, a delegate of the Secretary of the Treasury made an assessment for withholding-FICA tax liability covering the fourth quarter of 1961 against the corporate defendant-taxpayer in the total amount of $2,390.-57; that notice of this assessment and demand for payment thereof was given to the taxpayer on March 9, 1962; and that a Notice of Federal Tax Lien reflecting the liability represented by this assessment was filed in the Office of the Judge of Probate of Mobile County, Alabama, on April 3, 1962.

7. That after application of all payments and credits the balance presently outstanding on the assessment described in paragraph 6 above is $2,329.70; that the accrued interest, to November 20, 1970, on this assessment is in the amount of $886.18; and that the daily accrual rate thereafter and until the date of judgment is $.39. The liability of the taxpayer for this amount was admitted by taxpayer in open court on direct interrogation by the Court at the commencement of the trial.

8. That on March 9, 1962, a delegate of the Secretary of the Treasury made an assessment for FUTA tax liability covering the calendar year 1961 against the corporate defendant-taxpayer in the total amount of $1,962.02; that notice of this assessment and demand for payment thereof was given to the taxpayer on March 9, 1962; and that a Notice of Federal Tax Lien reflecting the liability represented by this assessment was filed in the Office of the Judge of Probate of Mobile County, Alabama.

9. That on May 11, 1962, a delegate of the Secretary of the Treasury made an assessment for a bad check penalty, pursuant to Section 6657 of the Internal Revenue Code of 1954, against the corporate defendant-taxpayer in the total amount of $19.62; that notice of this

assessment and demand for payment thereof was given to the taxpayer on May 11, 1962; and that a Notice of Federal Tax Lien reflecting the liability represented by this assessment was filed in the Office of the Judge of Probate of Mobile County, Alabama, on July 2, 1962.

10. That after application of all payments and credits, the balance presently outstanding on the assessments described in paragraphs 8 and 9 above is $980.69; that the accrued interest, to November 13, 1970, on these assessments is in the amount of $672.52; and that the daily accrual rate thereafter and until the date of judgment is $.16. The liability of the taxpayer for this amount was admitted by taxpayer in open court on direct interrogation by the Court at the commencement of the trial.

11. That on June 29, 1962, a delegate of the Secretary of the Treasury made an assessment for withholding-FICA tax liability covering the first quarter of 1962 against the corporate defendant-taxpayer in the total amount of $1,664.-10; that notice of this assessment and demand for payment thereof was given to the taxpayer on June 29, 1962; and that the Notice of Federal Tax Lien reflecting the liability represented by this assessment was filed in the Office of the Judge of Probate of Mobile County, Alabama, on November 30, 1962.

12. That on November 30, 1962, a delegate of the Secretary of the Treasury made an assessment for failure to make deposits of taxes, pursuant to Section 6656 of the Internal Revenue Code of 1954, against the corporate defendant-taxpayer in the total amount of $27.-73; that notice of this assessment and demand for payment thereof was given to the taxpayer on November 30, 1962; and that the Notice of Federal Tax Lien reflecting the liability represented by this assessment was filed in the Office of the Judge of Probate of Mobile County, Alabama, on November 30, 1962.

13. That after application of all payments and credits, the balance presently outstanding on the assessments described in paragraphs 11 and 12 above is $1,691.83; that the accrued interest, to November 13, 1970, on these assessments is in the amount of $865.75; and that the daily accrual rate thereafter and until the date of judgment is $.29. The liability of the taxpayer for this amount was admitted by taxpayer in open court on direct interrogation by the Court at the commencement of the trial.

14. That on November 9, 1962, a delegate of the Secretary of the Treasury made an assessment for restricted interest resulting from the corporate income tax liability covering the calendar year 1958 against the corporate defendant-taxpayer in the total amount of $9,609.-14; that notice of this assessment and demand for payment thereof was given to the taxpayer on November 9, 1962; and that Notice of Federal Tax Lien reflecting the liability represented by this assessment was filed in the Office of the Judge of Probate of Mobile County, Alabama, on November 21, 1962.

15. That after application of all payments and credits, the balance presently outstanding on the assessment described in paragraph 14 above is $7,282.83. The liability of the taxpayer for this amount was admitted by taxpayer in open court on direct interrogation by the Court at the commencement of the trial.

16. That despite notice of the federal tax liability outstanding against the corporate defendant-taxpayer, and despite repeated demands for payment made upon the taxpayer, the federal tax liability assessed directly against Gulf Development Company, Inc., is presently unsatisfied and there is due and owing from the said corporate defendant-taxpayer to the plaintiff, United States of America, the total amount of $23,240.36, plus interest as accrues by law. The liability of the taxpayer for this amount was admitted by taxpayer in open court on direct interrogation by the Court at the commencement of the trial.

17. That prior to 1959, Merriwether, Inc., also a defendant in these causes, was a corporation incorporated under the laws of the State of Alabama and

# 1152

had its principal place of business in Mobile, Alabama.

18. That on November 9, 1962, a delegate of the Secretary of the Treasury made an assessment for income tax liability against Merriwether, Inc., covering the calendar year 1958 in the total amount of $30,498.00, and that notice of this assessment and demand for payment thereof was given to the taxpayer on November 9, 1962.

19. That after application of all payments and credits, the balance presently outstanding on the assessment described in paragraph 18 above is $30,498.00, plus statutory interest, which sum is due and owing to the plaintiff, United States of America, (Government's Exhibit #1) a fact stipulated to by the taxpayer in the Pretrial Order filed in this Court.

20. That on July 29, 1960, a delegate of the Secretary of the Treasury made an assessment for income tax liability against Merriwether, Inc., covering the calendar year 1959 in the total amount of $29,724.36, and that notice of this assessment and demand for payment thereof was given to the taxpayer on August 5, 1960.

21. That after application of all payments and credits, the balance presently outstanding on the assessment described in paragraph 20 above is $25,736.31, plus statutory interest, which sum is due and owing to the plaintiff, United States of America, (Government's Exhibit #2) a fact stipulated to by the taxpayer in the Pretrial Order filed in this Court.

22. That on April 20, 1962, Merriwether, Inc., by and through its President, E. N. Merriwether, executed a Treasury Department Form 872, "Consent Fixing Period of Limitation upon Assessment of Income and Profits Tax", which extended the period for making an assessment against said corporation for the calendar year 1958 to December 31, 1962.

23. That the assessments made against the defendant-taxpayer, Merriwether, Inc., have not been satisfied, and there is presently due and owing from said taxpayer to the plaintiff, United States of America, the total amount of $56,234.31, plus statutory interest.

24. That on or about December 29, 1959, Merriwether, Inc., was merged and consolidated with the corporate defendant-taxpayer, Gulf Development Company, Inc., by the transfer of all its assets to Gulf, which corporation assumed all the liabilities of Merriwether, Inc., including the federal tax liabilities incurred by Merriwether, Inc., as described above.

25. That at all times relevant hereto, Gulf Development Company, Inc., was the owner of all shares of capital stock of the corporation, Merriwether, Inc.

26. That at the time of the transfer of all assets by Merriwether, Inc., to Gulf Development Company, Inc., i. e., on or about December 29, 1959, Merriwether, Inc., had an earned surplus of $186,620.50 and the assets so transferred had a value of $423,666.21.

27. That the corporate defendant-taxpayer, Gulf Development Company, Inc., by and through its President, E. N. Merriwether, executed a Treasury Department Form 2045, whereby the said corporation evidenced an admission of the transfer of the assets and liabilities of Merriwether, Inc., and agreed to pay the federal tax liability incurred by Merriwether, Inc. (Government's Exhibit #3.)

28. That prior to 1960, Moulton Engineering Corporation, also known as Dixie Engineering Corporation, was a wholly owned subsidiary of Gulf Development Company, Inc., incorporated under the laws of the State of Alabama and had its principal place of business in Mobile, Alabama.

29. That on November 9, 1962, a delegate of the Secretary of the Treasury made an assessment for income tax liability against Moulton Engineering Corporation for the period covering August 1, 1960 through December 31, 1960, inclusive, in the total amount of $57,525.36, and that notice of this assessment and demand for payment thereof was

given to Moulton Engineering Corporation on November 9, 1962.

30. That after application of all payments and credits, the balance presently outstanding on the assessment described in paragraph 29 above is $57,525.36, which sum, plus statutory interest, is due and owing to the plaintiff, United States of America, (Government's Exhibit #4) a fact stipulated to by the taxpayer in the Pretrial Order filed in this Court.

31. That despite such notice and demand for payment of this liability, the assessment made against Moulton Engineering Corporation is presently outstanding and there is due and owing from the said corporate taxpayer to the plaintiff, United States of America, the total amount of $57,525.36, plus statutory interest.

32. That on or about December 31, 1960, Moulton Engineering Corporation was merged and consolidated with the corporate defendant-taxpayer, Gulf Development Company, Inc., by the transfer of all its assets to Gulf, which corporation assumed all liabilities of Moulton Engineering Corporation, including the federal tax liability incurred by Moulton Engineering Corporation.

33. That at all times relevant hereto, Gulf Development Company, Inc., was the owner of all shares of capital stock of Moulton Engineering Corporation.

34. That at the time of the transfer of all the assets by Moulton Engineering Corporation to Gulf Development Company, Inc., i. e., on or about December 31, 1960, Moulton Engineering Corporation had a deficit of $119,725.32 and the assets transferred had a value of $299,825.93.

35. That the corporate defendant-taxpayer, Gulf Development Company, Inc., by and through its President, E. N. Merriwether, executed a Treasury Department Form 2045, whereby the said corporation evidenced an admission of the transfer of the assets and liabilities of Moulton Engineering Corporation, and agreed to pay the federal tax liability incurred by Moulton Engineering Corporation. (Government's Exhibit #5.)

36. That although assessments were made against the corporate defendant-taxpayer, Gulf Development Company, Inc., as transferee, for the federal tax liability incurred by the corporate taxpayers, Merriwether, Inc. and Moulton Engineering Corporation, no statutory notices of deficiency as required by Section 6212 of the Internal Revenue Code of 1954, were sent to Gulf Development Company, Inc.

37. That despite demands for payment made by the plaintiff, United States of America, to the corporate defendant-taxpayer, Gulf Development Company, Inc., as transferee of the assets and liabilities of Merriwether, Inc. and Moulton Engineering Corporation, there is presently due and owing from Gulf Development Company, Inc. the total amount of $113,759.67, plus statutory interest.

## CONCLUSIONS OF LAW

1. That this Court has jurisdiction of this action pursuant to the provisions of Sections 1340 and 1345 of Title 28, United States Code, and Sections 7402 and 7403 of the Internal Revenue Code of 1954 (26 U.S.C., Sections 7402 and 7403).

2. That the assessments made against the corporate defendant-taxpayer, Gulf Development Company, Inc., for the federal tax liability incurred directly by that corporation, were made in accordance with the procedure established by the Commissioner of Internal Revenue and are presumptively correct. Price v. United States, 335 F.2d 671 (C.A.5, 1964); Eagle v. Commissioner of Internal Revenue, 242 F.2d 635 (C.A.5, 1957).

3. That the presumptive correctness of the assessments made against Gulf Development Company, Inc. for the federal tax liability incurred directly by that corporation, establishes a prima facie case for the liability reflect-

ed thereby. Bowden v. Commissioner of Internal Revenue, 234 F.2d 937 (C.A.5, 1956); Adams v. United States, 358 F. 2d 986, 175 Ct.Cl. 288 (1966); United States v. Florida, 252 F.Supp. 806 (E. D.Ark., 1965).

■ 4. That in order to rebut the prima facie case established by the assessments made against the corporate defendant-taxpayer, it is necessary for Gulf Development Company, Inc. to show, by a preponderance of the evidence, that the assessments were incorrect. United States v. Lease, 346 F.2d 696 (C.A.2, 1965); Bar L. Ranch, Inc. v. Phinney, 426 F.2d 995 (C.A.5, 1970).

■ 5. That Gulf Development Company, Inc. has failed to illustrate that, by a preponderance of the evidence, the assessments made against it were incorrect, and that the mere general denials of liability found in the taxpayer's answer, reply to Requests for Admissions, and answers to Interrogatories, unsupported by any tangible evidence introduced at trial, are insufficient to rebut the prima facie case made against it. United States v. Prince, 348 F.2d 746 (C.A.2, 1965).

■ 6. That the certified copies of "Certificate of Assessments and Payments" establish that the taxes assessed against Gulf Development Company, Inc. were legally due and owing and provide a valid basis for judgment in favor of the United States. United States v. Strebler, 313 F.2d 402 (C.A.8, 1963); United States v. Ridley, 127 F.Supp. 3 (N.D.Ga., 1955).

7. That the United States has established its case for recovery of the amount due and owing from Gulf Development Company, Inc. for the federal tax liability incurred directly by that corporation and is accordingly entitled to judgment in the total amount of $23,240.36, plus interest as accrues by law.

■ 8. Section 6901 of the Internal Revenue Code of 1954 provides a summary administrative procedure whereby the Commissioner of Internal Revenue Service may collect from the transferee of a delinquent taxpayer-transferor the federal tax liability incurred by the taxpayer and is a cumulative and not exclusive remedy. Ochs v. United States, 305 F.2d 844, 158 Ct.Cl. 115 (1962); and United States v. First Huntington National Bank, 34 F.Supp. 578 (S.D.W.Va., 1940) aff'd 117 F.2d 376 (C.A.4, 1941). As stated in the *Ochs* case, *supra*, "What is essential is that the taxpayer at some point be allowed a judicial determination of his legal rights.", and the fact that the taxpayer appeared in this proceedings attest to the fact that such an opportunity was afforded. The taxpayer, however, failed or refused to take advantage of this opportunity to present to the Court any matter in contravention of the correctness of the administrative procedure whereby the Commissioner sought to collect from the transferee the delinquent taxes and thus having been afforded the opportunity for judicial determination of his rights it must be presumed from the state of this record that the taxpayer does not, in fact, contravene the position of the Commissioner. The presumption being that the assessment is correct, which presumption was not contravened by any evidence from the taxpayer must, therefore, of necessity carry the burden of proof, not only as to the correctness of the assessment but also the accounting procedures by which the assessment was made.

■ 9. That the United States has traditionally been granted the remedy of maintaining a bill in equity, under the "trust fund" doctrine, to collect delinquent assessments made against the taxpayer-transferor, under the theory that the transferee holds the assets of the taxpayer-transferor in trust on behalf of the United States. as a creditor of the transferor. Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350 (1932); Phillips-Jones Corporation v. Parmley, 302 U.S. 233, 58 S.Ct. 197, 82 L.Ed. 221 (1937); Payne v. United

States, 247 F.2d 481 (C.A.8, 1957), cert. denied 355 U.S. 923, 78 S.Ct. 367, 2 L. Ed.2d 354 (1957); and United States v. Fisher, 57 F.Supp. 410 (E.D.Mich., 1944).

■ 10. That the laws of the State of Alabama and the judicial decisions interpreting such laws recognize the right of the United States to recover from a transferee under the trust fund doctrine. Alabama Code, Title 10, Section 21(75); First National Bank v. Huddleston, 239 Ala. 528, 195 So. 755 (1940), reversed on other grounds, 242 Ala. 437, 6 So.2d 893, 896 (1942).

11. That the United States has, by its Amendment to Complaint filed herein, set forth a cause of action which has been recognized by the laws of the State of Alabama and upon which this Court may grant relief.

■ 12. That the evidence has established that the corporate defendant-taxpayer, Gulf Development Company, Inc. was a transferee of the assets of the related corporations, Merriwether, Inc. and Moulton Engineering Corporation, and assumed the liabilities of those corporations, including the federal tax indebtedness incurred by them, which transfer was not made for full, fair and adequate consideration. United States v. Floersch, 276 F.2d 714 (C.A.10, 1960), cert. denied 364 U.S. 816, 81 S.Ct. 46, 5 L.Ed.2d 47 (1960).

13. That as a transferee of Merriwether, Inc. and Moulton Engineering Corporation, the corporate defendant-taxpayer, Gulf Development Company, Inc., is indebted to the United States of America in the total sum of $113,759.67, plus statutory interest and is entitled to judgment in that amount.

14. That the United States is therefore entitled to judgment in the total amount of $137,000.03, plus interest, which amount represents the total federal tax liability incurred by Gulf Development Company, Inc. for assessments made against it directly and as the transferee of Merriwether, Inc. and Moulton Engineering Corporation.